OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the determination of the Unemployment Insurance Appeal Board reinstated.
The Unemployment Insurance Appeal Board found that claimant was not employed by Crown Tex Corporation and, ■thus, had failed to terminate his prior disqualification from receiving benefits caused by his discharge due to misconduct. (See Labor Law, § 593, subd 3.) In so finding, the board rejected testimony offered by claimant, his wife who was a bookkeeper at Crown Tex, and Gerald David, the assistant secretary of the company, on the ground that the circumstances surrounding claimant’s alleged employment rendered their testimony unworthy of belief. The circumstances relied on by the board in rejecting this testimony were, inter alia, that claimant earned exactly the amount required by statute to break his prior disqualification, that there was no economic reason which justified claimant’s temporary employment at Crown Tex, and that claimant made various misrepresentations concerning his alleged employment at Crown Tex when reapplying for unemployment insurance benefits.
As with any administrative determination of fact, the board’s assessment of the credibility of witnesses and the inferences to be drawn from the evidence presented are conclusive if supported by substantial evidence. (Labor Law, § 623; Matter of Fisher [Levine], 36 NY2d 146, 149-150; see Matter of Avon Bar & Grrill v O’Connell, 301 NY *773 150, 153; see, generally, 5 NY Jur 2d, Article 78 and Related Proceedings, §§ 16, 17.) In this case, the rejection of the testimony offered by the claimant, his wife and the assistant secretary of the alleged employer and the finding that claimant was not employed were well within the board’s power as fact finder. With the testimony of these witnesses discredited, there remained in the record evidentiary facts which, augmented by the inferences fairly to be drawn from such facts, supported the board’s finding that claimant’s prior disqualification had not been terminated. As such, the board’s determination that claimant continued to be disqualified from receiving unemployment insurance benefits by reason of his prior discharge due to misconduct, being supported by substantial evidence in the record, should not have been disturbed by the Appellate Division.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order reversed, etc.