■ In the Matter of Roy Green, Appellant, v Barbara Blum, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Appeal from an order of the Supreme Court at Special Term, entered July 24, 1979 in Ulster County, which, in a proceeding pursuant to CPLR article 78, (1) dismissed five causes of action asserted in petitioner's application to annul respondent's determination to recoup the sum of $732.27 from future grants of home relief made to petitioner, and (2) transferred a sixth cause of action to this court. Petitioner advised the local social services agency of his pending claim for workers' compensation benefits when he made application for public assistance under the home relief program in January of 1978. During the following month he received compensation payments totaling $732.27 which he spent on personal needs. Through oral questioning of petitioner on March 15, 1978, the local agency discovered the existence and distribution of the compensation award, and informed him that the use of such benefits warranted a reduction in future grants of public assistance. Although he subsequently executed an agreement which provided for the periodic "recoupment" of the foregoing sum, petitioner requested a fair hearing to review the propriety of the action taken by the local agency. The determination was affirmed by respondent following that hearing and petitioner then commenced the instant article 78 proceeding. Special Term dismissed all of the asserted causes of action which presented questions raised under CPLR 7803 (subd 3) and transferred the issue of whether the determination was supported by substantial evidence to this court (CPLR 7804, subd [g]). Because we conclude that social services officials may not properly regard an award of workers' compensation benefits as a resource or income in passing on an applicant's eligibility for public assistance, we find it unnecessary to decide the various points of dispute concerning the procedures employed to effect a reduction in payments to petitioner. Recipients of public assistance and care are subject to a lien on their claims and suits for personal injuries to the extent that assistance has been furnished, but the enactment creating the lien (Social Services Law, § 104-b, subd 13) specifically provides that: "This section shall not apply to any claim or award which is or may be allowed pursuant to the provisions of the workmen's [sic] compensation law". Since the Legislature has plainly expressed its view that such an award may not be impaired by considerations of public assistance, it follows that the reduction of petitioner's payments was based on an invalid premise. Accordingly, the order of Special Term should be reversed and the determination annulled (cf. 18 NYCRR 358.20). We reach no other issue. Order reversed, on the law, without costs, petition granted; determination annulled, and matter remitted to

respondent for further proceedings not inconsistent herewith. Mahoney, P.J., Sweeney, Kane and Mikoll, JJ., concur.

Herlihy, J., dissents and votes to affirm in the following memorandum. Herlihy, J. (dissenting). The reliance by the majority upon the provisions of section 104-b of the Social Services Law is, in my opinion, misplaced. The plain fact of the matter is that no lien has ever been created and none can exist as to workers' compensation payments. The issue of overpayment has nothing to do with a lien and the proper question is whether or not there have been "payments made to an eligible person in excess of his needs" (Social Services Law, § 106-b). That situation occurred in this case and the petitioner's protestation that "overpayment" does not encompass the facts of his case has no merit. In her decision following the fair hearing, the commissioner stated: "In this case, the credible evidence establishes that the appellant did willfully withhold information regarding the receipt of the awards for the purpose of receiving assistance to which he was not entitled." The record contains substantial evidence to support that finding based on credibility. (See *Matter of Di Maria v Ross*, 52 NY2d 771.) The order should be affirmed, the determination confirmed and the petition dismissed.