■ In the Matter of SYBIL EBANKS, Petitioner, v CESAR A. PERALES, as Commissioner of New York State Department of Social Services, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent, dated February 28, 1983, who, after a fair hearing, denied petitioner's application to expunge a record maintained in the State-wide central register of child abuse and maltreatment reports.

Determination confirmed and proceeding dismissed on the merits, without costs or disbursements.

This proceeding grew out of an altercation on August 14, 1981 between petitioner — a child care worker at the Decatur group home operated by a child care agency — and a 16-year-old resident of the home (the subject child). What started with petitioner's attempts to make the subject child and other youngsters leave the television set they were watching to make their beds escalated into a fist fight in which both petitioner and the subject child sustained lacerations and abrasions which required medical attention. Some of the cuts received by the subject child were caused by a set of keys petitioner was holding in her hand during this altercation.

An investigation of this incident culminated in a report that was filed with the State-wide central register of child abuse and maltreatment reports (central register) (see, Social Services Law § 422). The report concluded that a finding of maltreatment was "indicated" (i.e., supported by the evidence), and recommended that petitioner "is not to supervise children under care of the [New York City] Commissioner [of Social Services]". A request by petitioner's attorney to expunge this record was denied in a letter which said there was " 'some credible evidence' of inadequate guardianship" by petitioner.

Following a hearing requested by petitioner, respondent issued a determination upholding the determination to maintain the record in the central register.

We find no merit to petitioner's argument that the hearing officer was required to find the report supported by a "preponderance of the credible evidence" in order to sustain a determination not to expunge. Social Services Law § 422 (5) requires that all identifying information in a report be expunged from the central register unless the investigation "determines that there is some credible evidence of the alleged abuse or maltreatment". While the burden of proof at the fair hearing is upon the

New York State Department of Social Services to sustain a finding of abuse or maltreatment, the statute does not specify any higher standard of proof (Social Services Law § 422 [8]). By contrast, when a fair hearing is held to review a denial, based on a report in the central register, of an application for a certificate or license to receive, board or keep a child, the Department of Social Services is explicitly required to show commission of the acts of abuse or maltreatment giving rise to the report by a "fair preponderance of the evidence" (Social Services Law § 424-a [2] [d]). This distinction logically implements the differing goals of the two provisions. The purpose of Social Services Law § 422 is to maintain a comprehensive register of complaints so that potential problems can be detected and dealt with appropriately (Social Services Law § 422 [2]).

Social Services Law § 424-a deals with the treatment given an applicant for a certificate or license who is already the subject of a report in the central register. Hence, this provision is designed additionally to safeguard such an applicant's rights before an application for a certificate or a license is, in fact, finally denied (*see,* Governor's approval mem L 1980, ch 480, 1980 NY Legis Ann, at 201). A different standard of proof in establishing abuse or maltreatment is, therefore, entirely appropriate.

In the instant case, the testimony presented at the hearing concerning the altercation and the subject child's resulting injuries from petitioner's keys constituted sufficient evidence of maltreatment to sustain respondent's decision not to expunge the report from the central register. Titone, J. P., Lazer, Niehoff and Rubin, JJ., concur.