■ In the Matter of the Claim of VERNON WILLIAMS, Appel-

lant. CITY OF NEW YORK, Respondent. LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Mahoney, P. J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 18, 1984, which ruled that claimant was disqualified from receiving benefits because he lost his employment due to misconduct.

Claimant was employed by the City of New York's Department of Social Services on December 20, 1982 as a provisional eligibility specialist. Thereafter, as a result of an investigation by the City's Department of Personnel, he was terminated from that position, effective July 1, 1983, on the ground that he had intentionally falsified his employment application forms by failing to disclose his full criminal record. On July 17, 1983, claimant applied for unemployment insurance benefits. His application was denied on the ground that he had lost his employment through his own misconduct.

Pursuant to claimant's request, a hearing was held on October 19, 1983. By decision filed November 3, 1983, the administrative law judge overruled the determination of the local unemployment insurance office and held claimant eligible for benefits, stating that "claimant has credibly testified * * * [that] his arrest [December 3, 1977] was dealt with as a youthful offender circumstance because the sentence imposed was to run concurrently with the February 18, 1977 youthful offender arrest and conviction". By decision filed May 18, 1984, the Unemployment Insurance Appeal Board held that claimant had intentionally falsified his employment application forms by failing to list his December 1977 conviction for criminal sale of a controlled substance and, therefore, had committed misconduct in connection with his employment. Accordingly, the Board reversed the decision of the administrative law judge and sustained the initial determination of the local office that claimant was ineligible. The Board subsequently granted claimant's application to reopen and adhered to its initial decision.

The uncontradicted evidence before the Board demonstrated that claimant had multiple arrests during the period of 1977 through 1980. His testimony reveals familiarity with the criminal law, including, significantly, the benefits of and age requirements for youthful offender status, a status that did not have to be reported on the employment application forms. When claimant was arrested in December 1977, he was serving a five-year sentence of probation as a youthful offender as the result of a February 1977 conviction. It is his contention that after he entered a guilty plea to the crime of criminal

sale of a controlled substance on the December 1977 charge and was sentenced to six months' imprisonment as a youthful offender (because he had violated his probation which had been imposed in February 1977) and one year of imprisonment on the December 1977 charge, he retained his youthful offender status since both sentences were to run concurrently. However, at the time of his December 1977 arrest, claimant was 19 years old, past the 18-year-old statutory maximum age for youthful offender treatment (see, CPL 720.10). While the jail sentences did run concurrently, the one-year sentence imposed for the crime of criminal sale of a controlled substance was twice the length of the six-month youthful offender sentence imposed for the February 1977 conviction. Further, while claimant was able to present certificates of relief for crimes more serious than the crimes of criminal sale of a controlled substance, he was unable to present such a certificate for the December 1977 conviction. Since the Board's finding is conclusive if supported by substantial evidence, we are constrained to affirm the Board's decision (see, Matter of Di Maria v Ross, 52 NY2d 771).

Decision affirmed, without costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.