In the Matter of VICTORIA STOOPS, Petitioner, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents.

Third Department, April 24, 1986

APPEARANCES OF COUNSEL

*Barbara Weiner* for petitioner.

*Robert Abrams, Attorney-General (Patrick Barnett-Mulligan* and *William J. Kogan* of counsel), for Cesar A. Perales, respondent.

*Jeffrey J. Deleski* and *Eugene P. Devine* for John J. Fahey, respondent.

## OPINION OF THE COURT

CASEY, J.

Petitioner contends that a report of suspected child abuse or maltreatment, filed and maintained in a central register pursuant to Social Services Law, article 6, title 6, must be expunged. She argues that a single incident of a parent leaving two young children unattended for a short time cannot constitute maltreatment, that the finding that the children were unattended is not supported by substantial evidence, and that maintenance of the report in the central register is inconsistent with the public policy and legislative intent of the reporting system. We reject all three arguments.

The relevant statutory provisions define a maltreated child as including one whose physical, mental or emotional condition is in imminent danger of becoming impaired due to the parent's failure to exercise a minimum degree of care in providing the child with proper supervision or guardianship (Social Services Law § 412 [2] [a]; Family Ct Act § 1012 [f] [i] [B]). Although the question of whether an unattended child is a maltreated child is a complex one *(see,* Besharov, Supplementary Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1012 [1986 Pocket Part], pp 32-33), we find nothing irrational in the determination of respondent Commissioner of Social Services herein. Petitioner left two of her children, ages six and one, home alone while she went to the store. Assuming that the six year old was capable of caring for herself, the Commissioner properly concluded that she was too young to be left alone with her one-year-old

brother. There was evidence in the record that petitioner and her family considered their neighbors unfriendly and that, although the six year old could use the telephone, she sometimes forgot her address. The danger to both children in the event of an emergency is apparent.

Petitioner's substantial evidence argument is meritless. The conflicting evidence as to whether petitioner left the children unattended or in the care of a friend presented a question of credibility for the Commissioner *(see, Matter of Di Maria v Ross,* 52 NY2d 771). Petitioner's public policy argument must also fail, for maintenance of the report, accurately classified as "indicated" (Social Services Law § 412 [6]), in the central register appears to be consistent with the stated purpose of the child protective services legislation *(see,* Social Services Law § 411).

KANE, J. P., MIKOLL, YESAWICH, JR., and LEVINE, JJ., concur.

Determination confirmed, and petition dismissed, without costs.