■ In the Matter of NINA KING, Appellant, v CESAR PERALES, as Commissioner of the New York State Department of Social Services, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent dated January 7, 1987, which, after a hearing, denied the petitioner's application to expunge a record maintained in the Statewide central register of child abuse and maltreatment reports.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

The petitioner customarily bathed her two-year-old daughter, Adrienne, in the kitchen sink and would add hot water from the faucet when the bath water cooled. On April 9, 1985, however, she deviated from her normal routine by adding water which had been boiled approximately 10 minutes earlier to Adrienne's bath water. Because Adrienne was not restrained when the hot water was poured into the sink, she kicked up her foot, causing her to sustain a second degree burn on her left foot.

Despite the petitioner's contention to the contrary, the fact that she did not intend to harm her daughter or to pour the scalding water onto a portion of her body does not entitle her to an expungement of all records concerning the maltreatment of Adrienne as a result of this incident. Social Services Law § 412 (2) defines a "maltreated child" as including a child under 18 years old who is neglected as defined by the Family Court Act. Family Court Act § 1012 (f) (i) (B) defines a neglected child to include a child whose physical condition has been impaired as a result of the failure of his parent to exercise a minimum degree of care in providing the child with proper supervision or guardianship by unreasonably inflicting harm. While it is true that the petitioner did not intend to harm her daughter, she did fail to exercise a minimum degree

of care by pouring scalding water into the child's bath water in a kitchen sink without testing the temperature of the water and without restraining the child's movement. An isolated accidental injury will not constitute neglect unless there is a showing that the parent was aware of the inherent danger of the situation (see, Matter of Lydia K., 123 Misc 2d 41, 43, affd 112 AD2d 306, affd 67 NY2d 681). The danger that a two-year-old child will be burned when water, which had just recently been boiling, is poured into a confined area without restraining the child's movement is readily apparent. Therefore, since sufficient evidence was produced to substantiate the indicated report of maltreatment, the petitioner is not entitled to the expungement of the record maintained in the State-wide central register (see, Matter of Ebanks v Perales, 111 AD2d 331). Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.