■ In the Matter of BOYD GOLDEN et al., Petitioners, v DEPARTMENT OF SOCIAL SERVICES OF BROOME COUNTY et al., Respondents.—Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Broome County) to review a determination of respondent Commissioner of Social Services which denied petitioners' application to expunge a child maltreatment report maintained in the State Central Register of Child Abuse and Maltreatment.

Petitioners seek review of a determination denying their request to expunge a maltreatment report with the State Central Register of Child Abuse and Maltreatment. An initial anonymous complaint was lodged in February 1986 alleging that one of petitioners' six children was maltreated through excessive corporal punishment. An investigation was undertaken by respondent Broome County Department of Social Services (hereinafter the County), after which it was determined that "some credible evidence of the alleged abuse or maltreatment exists" (Social Services Law § 412 [11]) such that the report was classified as " 'indicated' " (§ 412 [11]). Petitioners thereafter requested a review of the matter by respondent State Department of Social Services (hereinafter the State) in order to expunge the maltreatment report from the Central Register. Upon review, the State denied the requested expungement and a hearing was held. Following the hearing before an Administrative Law Judge, a designee of respondent State Commissioner of Social Services made findings that petitioners maltreated their children through excessive corporal punishment on many occasions and decided to deny the request to expunge the maltreatment report. This proceeding followed.

We confirm. A maltreatment report will not be expunged if it is determined that some credible evidence exists that a person committed the reported child abuse or maltreatment and such is relevant to some future provision of child care (see, Social Services Law § 422 [8] [c] [ii]). Petitioners' arguments revolve around the Commissioner's alleged errors in determining witness credibility and affording greater weight to the testimony of the County caseworker over other testimony.

The Commissioner's assessment of witness credibility and inferences drawn therefrom is conclusive if supported by substantial evidence and will not be disturbed on appeal (see, Matter of Di Maria v Ross, 52 NY2d 771, 772; Matter of Stoops v Perales, 117 AD2d 7, 9). The record reveals that the Commissioner properly credited the testimony of the caseworker assigned to investigate the alleged maltreatment (see, supra) and discredited the recanting testimony given by two of petitioners' children (see, Matter of Douglas v Constantine, 151 AD2d 811, 812). Furthermore, petitioners admitted to striking the children with a belt and employing cold showers as punishment. Given that substantial evidence supports a finding of some credible evidence of maltreatment, we cannot say that the request for expungement was improperly denied.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.