In the Matter of LORRAINE SELLNOW, Petitioner, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Mercure, J.

Petitioner seeks review of a determination denying her request to expunge a maltreatment report from the State-wide Central Register of Child Abuse and Maltreatment. An initial complaint was filed in April 1987, alleging that petitioner had struck her stepson twice in the face, inflicting gouges with her fingernails on his forehead and near his right eye. Following an investigation, it was determined that "some credible evidence of the alleged abuse or maltreatment exists" (Social Services Law § 412 [11]) and the report was classified as "indicated" (Social Services Law § 412 [11]). Petitioner thereafter requested a review of the matter by respondent Department of Social Services in order to expunge the maltreatment report from the Central Register. This request was denied, petitioner was granted an evidentiary hearing and the designee of respondent Commissioner of Social Services concluded that the determination not to expunge the records was proper. This proceeding followed.

We confirm. A maltreatment report will not be expunged if it is determined that some credible evidence exists that a person committed the reported child abuse or maltreatment and the report is relevant to some future provision of child care (see, Social Services Law § 422 [8] [c] [ii]; *Matter of Golden v Department of Social Servs.,* 155 AD2d 853). The definition of "maltreated child" includes a child under 18 years old who is neglected as defined by the Family Court Act (see, Social Services Law § 412 [2]; Family Ct Act § 1012 [f]). Here, petitioner acknowledged that she intended to strike her stepson, denying only that she meant to gouge his face with her long fingernails. Contrary to petitioner's contention, unintentional injury may form the basis for a finding of neglect where, as here, "there is a showing that the parent was aware of the inherent danger of the situation" *(Matter of King v Perales,* 153 AD2d 694, 695). The danger that a child may be seriously injured when struck in the face by a person with long protruding fingernails is readily apparent. The record before us supports a finding that petitioner failed to exercise a minimum degree of care by recklessly creating a risk of serious injury to the child's eye (see, Family Ct Act § 1012 [f] [i] [B]; *Matter of Golden v Department of Social Servs., supra; Matter of King v Perales, supra; Matter of Maroney v Perales,* 102 AD2d 487, 489). Thus, we cannot say that petitioner's request for expungement was improperly denied.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Weiss, Mercure and Harvey, JJ., concur.