■ ELIZABETH PREVOST et al., Petitioners, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Respondents.— Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Warren County), to review a determination of respondent State Commissioner of Social Services which denied petitioners' request to expunge a report to the State Central Register indicating inadequate guardianship.

In 1985, Alida Cooper voluntarily surrendered her five-year-old son, Justin, to respondent Warren County Department of Social Services (hereinafter the agency) for foster care and adoption eligibility. The agency thereafter placed Justin in the foster care home of the Lemke family. Once a month, he spent the weekend with petitioners, his maternal grandparents. Petitioners were seeking temporary and permanent custody at this time.

Shortly after his placement, the agency's caseworkers, Justin's foster mother and Justin's teacher all reported behavioral changes allegedly related to the monthly visits. He appeared agitated, exhibited handflapping (a form of regressive behavior), expressed fear of his grandmother and his attention span decreased. As a result, in October 1986, a psychiatrist, who had evaluated the child on two separate occasions, recommended that overnight visitation with petitioners be discontinued. The psychiatric report pointed out that Justin was angry at his grandmother for belittling his foster family and new school, for making him sleep through the night with her and for making him drink from a baby bottle. The record also revealed that Justin indicated that he had not told anyone about these incidents because he feared

that if he angered his grandmother, she would throw him out of the house.

In late November of that same year, Justin told his foster mother about these events and that during visits to his grandparents his grandmother diapered him. Although the grandfather knew about the diapering, he did not interfere. During the agency's ensuing investigation, Justin separately repeated these allegations to a child protective specialist, the agency's adoption supervisor and a psychiatric social worker. Apparently, the grandmother's babying activity did not abate during the investigation. After the investigation was concluded, the agency indicated petitioners for inadequate guardianship with the State Central Register. After an administrative review, petitioners' request to expunge the report was denied. A fair hearing was then had following which the Administrative Law Judge (hereinafter ALJ) also found that the Central Register's refusal to expunge the report was proper. Petitioners instituted this CPLR article 78 proceeding to challenge this determination and to have the report declared invalid. During the interim, Justin was returned to the custody of his natural mother.

There being substantial evidence to support the agency's decision to indicate the report (see, CPLR 7803 [4]), we confirm. Justin's consistent renditions provide more than "some credible evidence" of alleged abuse or maltreatment giving rise to the report (see, Social Services Law § 422 [11] [a]). The fact that the ALJ's determination was based primarily on hearsay does not render it insufficient, for relevant and probative hearsay evidence, as that elicited here, may constitute substantial evidence (see, People ex rel. Vega v Smith, 66 NY2d 130, 139). Petitioners deny the conduct ascribed to them and charge that respondents' witnesses were biased and joined in a concerted effort to interfere with their efforts to obtain custody. These conflicts, however, present issues of credibility, the resolution of which is best left to the ALJ who heard and viewed the witnesses firsthand (see, Matter of Di Maria v Ross, 52 NY2d 771, 772). As the record contains substantial evidence that there was "some credible evidence" that petitioners committed the abusive acts, which reasonably relate to employment by a child care agency or to an application for foster care or adoption, the indicated record need not be expunged (see, Social Services Law § 422 [8] [a] [ii]; see also, Matter of Maroney v Perales, 102 AD2d 487, 489).

Determination confirmed, and petition dismissed, without

costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.