■ In the Matter of ESTHER MINELLA, Petitioner, v CESAR PERALES, as Commissioner of the New York State Department of Social Services, Respondent.—Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application to expunge a child maltreatment report maintained in the State central register of child abuse and maltreatment.

Petitioner seeks review of a determination denying her request to expunge a maltreatment report from the State central register of child abuse and maltreatment. The initial report was filed in April 1986 as a result of a complaint by the biological mother that petitioner had sexually abused a handicapped child placed in petitioner's care as a foster child. Following an investigation, it was determined that "some credible evidence of the alleged abuse or maltreatments exist-

[ed]" and the report was marked "indicated" (Social Services Law § 412 [11]). Thereafter, petitioner requested a review by the State Department of Social Services in order to expunge the report from the central register. After a review, petitioner's request for expungement was denied and she was granted an evidentiary hearing before respondent's designee. The fair hearing decision sustained the Department's determination not to expunge the indicated report. This CPLR article 78 proceeding ensued.

Petitioner's contention that there was insufficient credible evidence to support respondent's determination focuses upon the credibility and weight accorded the testimony of various witnesses, including herself. However, even though reasonable minds might have weighed the witnesses' testimony differently, respondent's assessment of witness credibility is conclusive *(see, Matter of Di Maria v Ross,* 52 NY2d 771, 772; *Matter of Golden v Department of Social Servs.,* 155 AD2d 853). Further, since there is substantial evidence in the record which supports respondent's finding of some credible evidence that petitioner sexually abused the child, his determination must be confirmed *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Prevost v New York State Dept. of Social Servs.,* 161 AD2d 934; *Matter of Sellnow v Perales,* 158 AD2d 846). We find no merit to petitioner's remaining argument that she was not given an opportunity to fully develop her case and the record.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.