In the Matter of JANNIE CC., Petitioner, v GREGORY M. KA-
LADJIAN, as Acting Commissioner of the New York State
Department of Social Services, et al., Respondents.

Third Department, March 11, 1993

### APPEARANCES OF COUNSEL

*O'Connell & Aronowitz,* Albany *(Leigh P. Cole* of counsel), for petitioner.

*Robert Abrams, Attorney-General,* Albany *(Leslie B. Neustadt* of counsel), for respondents.

### OPINION OF THE COURT

MAHONEY, J.

Petitioner is the subject of a child maltreatment report on file with the Child Abuse and Maltreatment Register (hereinafter Central Register) which stems from a July 1980 incident when she knowingly left her 10-year-old daughter Jessica unsupervised in the family apartment for a five-hour period while she went to work. During this time, Jessica evidently lured four preschoolers into the apartment and, among other things, assaulted two of them with a belt. While petitioner was notified that a report had been filed in connection with this incident and that the report subsequently was indicated,[1] she failed to avail herself of the right to seek expungement thereof within the time period set forth in Social Services Law § 422 (8). Accordingly, the report remained on file with the Central Register.

Matters proceeded without incident until approximately eight years later when petitioner filled out a Central Register clearance form in connection with her part-time employment at the Albany Girls' Club. While she left her job with the

---

1. An indicated report is one which, upon investigation, is found to be supported by some credible evidence (Social Services Law § 422 [8] [a] [iv]).

Girls' Club prior to the time the inquiry was completed, the search conducted as a result thereof revealed the 1980 indicated report. Because petitioner had not pursued expungement proceedings, the State Department of Social Services (hereinafter DSS) conducted internal administrative review of the allegations prior to disseminating the report (Social Services Law § 424-a [1] [e] [ii]). Upon concluding that the allegations were supported by some credible evidence and that they were relevant to petitioner's employment in a child care field, DSS notified the Girls' Club of the indicated report and, as required by law, also notified petitioner (Social Services Law § 424-a [1] [e] [v]). In response, petitioner submitted a request for expungement of the record and a hearing was scheduled.[2]

Petitioner appeared at the expungement hearing without counsel and in response to preliminary questions propounded by the Administrative Law Judge (hereinafter ALJ), stated that she had been denied employment due to the indicated report. At this juncture, the ALJ voiced his belief that the asserted denial of employment necessitated the conducting not of an expungement hearing, but rather of a hearing pursuant to Social Services Law § 424-a (2) (c) (hereinafter a section 424-a hearing) which would command a higher standard of proof.[3] Ultimately, however, he decided against that decision and the proceeding went forward as a routine expungement hearing.

Upon conclusion of the hearing, the ALJ found that the Albany County Child Protective Services (hereinafter local agency) satisfied its burden of proving that the allegations were supported by some credible evidence and determined that the acts were reasonably related to employment in a child care situation. Accordingly, petitioner's request for expungement was denied. Petitioner then commenced this CPLR article 78 proceeding to review the determination, claiming principally that it was error not to conduct a section 424-a

2. Social Services Law § 422 (8) (a) (i) limits the time for requesting expungement to 90 days after the accused is notified by the local agency that the report has been indicated. While petitioner's request occurred well beyond that period and thus technically was untimely, DSS evidently chose to disregard this defect.

3. While the local social services agency bears the burden of proof in both the expungement hearing and the section 424-a hearing, the standard of proof is different. In the former, the allegations upon which the finding of abuse or maltreatment are based need only be supported by some credible evidence (Social Services Law § 422 [8] [b] [ii]), while in the latter they must be supported by a fair preponderance of the evidence (Social Services Law § 424-a [2] [d]).

hearing. The matter was transferred to this Court pursuant to CPLR 7804 (g).

We confirm. In our view, the fact that an accused states in an expungement hearing that he or she has been denied employment as the result of an indicated report does not necessarily require that a section 424-a hearing be held. Unlike an expungement hearing which statutorily is available upon request (see, Social Services Law § 422 [8]), a section 424-a hearing is available only in certain limited situations. The event which triggers entitlement to this latter hearing is the actual denial of employment to the accused for reasons which "include the fact that [he or she] is the subject of an indicated child abuse or maltreatment report" (Social Services Law § 424-a [2] [c]). To this end, the statutory scheme requires employers to notify employees in writing if denial of employment or termination therefrom was due in whole or in part to the indicated report (Social Services Law § 424-a [2] [b] [i], [ii]). This notification commences running of a 90-day time period within which section 424-a hearing requests are to be made (Social Services Law § 424-a [2] [c]). Here, petitioner has failed to produce such a writing.

Moreover, even assuming, arguendo, that a verbal denial is sufficient to trigger a section 424-a hearing, the record is bereft of any concrete evidence that petitioner was in fact denied employment because of the report. While she categorically stated that she was, petitioner was unable to give any particulars such as the name of the employer, the date or the name of the individual with whom she spoke. Most significantly, it appears that petitioner executed a Central Register clearance form only in connection with her employment at the Girls' Club. Accordingly, that entity was the only one authorized to make inquiry, the only one who was advised of the indicated report and, thus, the only one who could possibly deny petitioner employment as a result thereof. Yet, when counsel for the local agency, in an apparent effort to refresh petitioner's recollection, asked if it could be the Girls' Club which had denied her employment or reemployment, petitioner flatly rejected that proposition.[4] In sum, while her

_____

4. While evidently petitioner subsequently has changed her position on this issue, claiming in her petition that she did attempt to return to the Girls' Club and was turned away on various pretexts and that "upon information and belief, the [indicated] report has eliminated her opportunity for such employment", inasmuch as this information was not adduced at the hearing it cannot properly be considered.

testimony is disjointed, rambling and difficult to follow, it appears from a reading of it in its entirety that petitioner was not actually denied employment, but at best simply was informed by a DSS employee that her chances of obtaining employment in a child care field were reduced due to the indicated report. In view of this, a section 424-a hearing was unwarranted and confinement of the administrative proceedings to an expungement hearing with its lower standard of proof was in all respects proper.

As a final matter, we reject petitioner's alternate contention that the determination is not supported by substantial evidence.

MIKOLL, J. P., LEVINE, MERCURE and CASEY, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.