■ In the Matter of SUSAN G., Petitioner, v MARY JO BANE, as Commissioner of the New York State Department of Social Services, Respondent. [605 NYS2d 522] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application to expunge a child maltreatment report maintained in the Statewide Central Register of Child Abuse and Maltreatment.

On the morning of September 13, 1991, petitioner's eight-year-old son went to see the school nurse, complaining of pain in his neck and chin. Upon inspection, the nurse discovered several abrasions on the child's neck, and when questioned, he stated, first to the nurse and then to the school social worker, that his mother had kicked him the previous evening. A telephone call was placed to the State child abuse hotline, which in turn reported the incident to the State Central Register of Child Abuse and Maltreatment (hereinafter the Central Register).

Later that day, the child told two other child protective services investigators that his mother kicked him in the neck because he had attempted to alter an unfavorable written "contract"—a school behavioral report—from his teacher. Petitioner explained that the marks were caused accidentally, when she tripped over a typewriter in the child's room and fell toward him.

Finding petitioner's explanation inconsistent with her son's injury, child protective services determined that the report was "indicated", that is supported by the evidence *(see,* Social Services Law § 424 [7]). Petitioner thereafter requested that the report be expunged from the Central Register, and when her request was denied, she requested a fair hearing pursuant to Social Services Law § 422 (8) (a). As a result of that hearing,

respondent found there to be some credible evidence that petitioner mistreated her son, and finding that the maltreatment was relevant to her future engagement as a child care worker, to the adoption of a child and to the provision of foster case, refused to order expungement. Petitioner brought this CPLR article 78 proceeding, alleging that respondent's determination was not supported by substantial evidence, and that she was denied due process of law.

Petitioner does not dispute that her son was injured, or that she physically caused that injury; rather, she contends that there was no credible evidence that the marks on his neck were caused other than accidentally. To demonstrate otherwise, respondent presented the testimony of the school nurse and three child protective services investigators, all of whom reported having seen the marks on the child's neck, and having been told by the child that his mother kicked him. None of the four expressed any doubt that the child was telling the truth. Furthermore, one of the investigators testified that she found the marks to be consistent with a kick, and that she found petitioner's account incredible, after having viewed the room in which the incident was said to have occurred. There was also evidence that petitioner had considered keeping her son out of school the following day, and that she failed to discuss the incident with the child's psychologist when he was called upon to evaluate the boy's progress less than a month after it occurred, two facts which support an inference that petitioner had a consciousness of guilt with regard to the injury. The conflicting accounts of the incident merely present issues of credibility, which the Administrative Law Judge (hereinafter ALJ) resolved in respondent's favor. Having found the investigators' testimony credible, the ALJ was justified in concluding that there was "some credible evidence" that petitioner had, in fact, kicked her son intentionally, and that the reported incident was relevant to the future provision of child care (see, Matter of Mary Y. v Perales, 186 AD2d 325; Prevost v New York State Dept. of Social Servs., 161 AD2d 934, 935).

Petitioner next argues that the standard of proof applicable at the hearing—to avoid expungement, respondent was only required to present "some credible evidence" substantiating the event—deprived her of due process; inasmuch as this issue was not raised at the hearing, however, it has not been preserved for review (see, Matter of Delson v Regan, 190 AD2d 984, 985). In any event, petitioner's contention is without merit. To the extent that it can be interpreted as an assertion

that, having been denied employment on the basis of the Central Register report, she was entitled to be judged by a higher standard of proof—a fair preponderance of the credible evidence—pursuant to Social Services Law § 424-a (2) (d), we need only note that petitioner has not demonstrated that she was, in fact, terminated or denied employment on account of the report *(see, Matter of Jannie CC. v Kaladjian*, 189 AD2d 56, 59). Although petitioner testified at the hearing that she was "unemployed presently", and asserted in her petition that she lost her employment "[a]s a result of the report", she has proffered no concrete evidence that her former employer even accessed the information contained in the Central Register, let alone that it was a basis for her termination.

Insofar as petitioner's due process argument represents an assertion that the statute itself is unconstitutional, particularly the portions thereof which permit a person's name to be placed on, and to remain on, the Central Register, with no more than a showing that "some credible evidence" exists to support the allegations contained in the report, we disagree. In view of the fact that the mere presence of the report on the Central Register, and its possible dissemination to one or more prospective employers, does not, without more, deprive petitioner of a liberty or property interest *(see, Valmonte v Bane*, 812 F Supp 423, 425-426), the standard of proof required by the statute is not inappropriate *(see also, Matter of Ebanks v Perales*, 111 AD2d 331, 331-332).

Mikoll, J. P., Mercure and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.