(December 19, 1996)

■ In the Matter of JAMES HH., a Child Alleged to be Abused. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LARRY HH., Appellant. [652 NYS2d 633] —Carpinello, J. Appeals (1) from an order of the Family Court of St. Lawrence County (Nelson, J.), entered July 15, 1993, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate James HH. to be neglected, and (2) from an order of said court, entered November 30, 1993, which, *inter alia*, ordered that James HH. be placed in petitioner's custody for a period of 12 months.

James HH. was born out of wedlock to respondent and Gail GG. in 1991. On December 3, 1992, petitioner filed an amended abuse and neglect petition alleging that on or about November 13, 1992 respondent failed to adequately supervise James. As a result, James, who was little more than a year old at the time, placed his right hand on a kerosene heater and sustained second degree burns. Respondent admitted the charge of inadequate supervision. Family Court found James to be a neglected child and placed him in petitioner's custody for a period of one year. Respondent appeals.*

Although James has been returned to the custody of respondent and Gail GG., this appeal is not moot since an adjudication of neglect is "a permanent and significant stigma which is capable of affecting a parent's status in potential future proceedings" (*Matter of Matthew C.*, 227 AD2d 679, 680-681).

Respondent contends that the finding of neglect is not supported by a preponderance of the evidence. Petitioner had the burden of establishing abuse or neglect by a preponderance of the evidence (*see,* Family Ct Act § 1046 [b] [i]; *Matter of Jessica SS.*, 229 AD2d 616, 617; *Matter of Shaun X.*, 228 AD2d 730, 731; *Matter of Julissa II.*, 217 AD2d 743). Petitioner was required to establish that respondent did not exercise a mini-

---

* Although Family Court also found respondent to have neglected Patricia GG., the daughter of Gail GG., respondent has appealed only from those orders relating to James. Consequently, we do not consider respondent's argument that the finding of neglect as to Patricia was not supported by a preponderance of the evidence.

mum degree of care and that, as a result, the child's physical, mental or emotional condition was impaired or in imminent danger of being impaired (*see, Matter of Jessica SS., supra,* at 618). Once a prima facie case has been established, the burden shifts to respondent to come forward with an adequate explanation for the manner in which the injuries occurred (*see, Matter of Julissa II., supra,* at 743).

We find that the finding of neglect as to James was supported by a preponderance of the evidence, despite the fact that Family Court erroneously indicated in the record that the incident occurred on October 13, 1992 instead of November 13, 1992. Respondent's admission to having inadequately supervised James constituted evidence of neglect, even if respondent did not intend to harm him. An isolated accidental injury may constitute neglect if the parent was aware of the intrinsic danger of the situation (*see, Matter of Susan G. v Perales,* 203 AD2d 978, 979; *Matter of Sellnow v Perales,* 158 AD2d 846, 847; *Matter of King v Perales,* 153 AD2d 694, 695). The danger of leaving a one-year-old child unsupervised in the same room as a kerosene heater is apparent.

We also reject respondent's argument that Family Court should not have additionally found that respondent had neglected James upon its finding that he had also neglected Patricia. Proof of neglect as to one child is admissible on the issue of neglect as to another child (*see,* Family Ct Act § 1046 [a] [i]; *see also, Matter of Nassau County Dept. of Social Servs. [Dante M.] v Denise J.,* 87 NY2d 73, 80). "The determinative factor is whether, taking into account the nature of the conduct and any other pertinent considerations, the conduct which formed the basis for a finding of abuse or neglect as to one child is so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still exists" (*Matter of Cruz,* 121 AD2d 901, 902-903). The accident involving James occurred on November 13, 1992, while the incident giving rise to Patricia's injuries is alleged to have occurred later the same week. The petition filed against respondent regarding James contained the allegations involving Patricia's injuries. As respondent's conduct with regard to Patricia created an imminent danger as to James, Family Court did not err in making a derivative finding of neglect in this case (*see, Matter of Nassau County Dept. of Social Servs. [Dante M.] v Denise J., supra,* at 80).

Finally, respondent was not deprived of the effective assistance of counsel. The right to counsel in a proceeding pursuant to Family Court Act article 10 is guaranteed by statute (*see,*

Family Ct Act § 262 [a] [i]). In assessing a claim based upon ineffective assistance of counsel, the focus is whether the individual received "meaningful" assistance (*see*, *People v English*, 215 AD2d 871, 873, *lvs denied* 86 NY2d 793, 87 NY2d 900; *Matter of Erin G.*, 139 AD2d 737, 739; *Matter of De Vivo v Burrell*, 101 AD2d 607). Respondent's sole claim with regard to this issue is that the decision to allow respondent to admit to the finding of neglect as to James did not have any legitimate strategic basis. However, it is well established that it is not the role of the reviewing court to second-guess the attorney's tactics or strategy (*see*, *People v Garcia*, 75 NY2d 973, 974; *People v English*, *supra*, at 873). Preliminarily, Family Court fully explained to respondent the consequences of his decision to admit to inadequate supervision of James. Counsel may have deemed it appropriate to dispose of that claim, which appears to have arisen out of an unfortunate accident, in order to focus on the more serious allegations involving Patricia, who had broken her left arm in three places and her left leg. It is possible that counsel, by simplifying the issues remaining before the court, was hoping for leniency on the charge involving James. In any event, having reviewed the record as a whole, we are satisfied that respondent received meaningful assistance of counsel.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the orders are affirmed, without costs.