■ In the Matter of the P. CHILDREN, Alleged to be Abused and/or Neglected. MARCIA P. et al., Respondents; COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant. LEGAL AID SOCIETY OF THE CITY OF NEW YORK, as Law Guardian, Appellant. [707 NYS2d 453] —Orders, Family Court, Bronx County (Allen Alpert, J.), entered April 8, 1999, which, after a fact-finding hearing, dismissed the abuse and neglect petitions brought against respondent mother and respondent father, affirmed, without costs.

The only evidence presented by petitioner at the hearing demonstrated facts that respondents did not dispute: respondent mother had left her nine-year-old son with his two-year-old sister in a bedroom while she was in the kitchen, and when she returned to the bedroom she observed the two-year-old, alone, attempting to climb over the window guard at the open window. When the nine-year-old re-entered the room, which he had left to throw out the garbage, respondent mother was so angry and upset at his having left the window open when he left the younger child alone in the room, that she immediately hit him with the buckle end of the strap of her purse, causing bruising around the eye and multiple lacerations.

Initially, there is no question that the evidence presented against respondent father was, as the Family Court found,

insufficient to establish a prima facie case against him. No viable reasoning is offered upon which a finding of neglect could properly be made against him. There was no showing that he had prior reason to know that the child was in danger (*see, Matter of Robert YY.*, 199 AD2d 690), nor would it be proper to base a neglect finding upon his failure to take some action subsequent to the incident in question, since nothing could have changed that which had already occurred, and a finding of neglect will not be based on a failure to prevent theoretical future harm which never occurred.

We also see no reason to disturb the Family Court's findings that this was an isolated incident in which respondent mother had lost her temper and spontaneously struck her son in response to her fear for the safety of the two-year-old. While losing one's temper does not excuse striking and injuring one's child, one such event does not necessarily establish abuse or neglect. Cases involving parents who purposefully and with forethought impose severe, injurious corporal punishment in response to perceived misbehavior, such as *Matter of C. Children* (183 AD2d 767), are inapposite.

As to the suggestion that respondent mother is also culpable because she set up the situation by leaving the nine-year-old "in charge" of the two-year-old, this circumstance cannot be used to buttress the case. Many tragic injuries occurring in a household can, in hindsight, ultimately be attributed to a failure of supervision by the responsible adult; but, leaving a nine-year-old "watching" a two-year-old in another room while the responsible adult is in the kitchen, simply cannot form any part of the basis for an attribution of neglect in the absence of some additional danger not present here, such as a kerosene heater (*compare, Matter of James HH.*, 234 AD2d 783, *lv denied* 89 NY2d 812). Such conduct has nothing in common with, for instance, leaving an infant alone in an apartment with a six-year-old (*compare, Matter of Stoops v Perales*, 117 AD2d 7).

We reject the suggestion of our dissenting colleague that the matter should be remanded to permit the Law Guardian to call additional witnesses who might show that there were other prior incidents of abuse or neglect. There is no indication that the Law Guardian sought to present witnesses prior to the court's determination of respondents' motion.

Furthermore, the only support offered for the claim is the Department of Social Services intake report relating the initial report of the incident by the child's teacher, reporting the teacher's statement that she had observed other prior injuries to the child and had other complaints about the care of the

child. It does not appear that any investigation was made into any of these reported assertions. Consequently, there was no further evidence for the Family Court to await before proceeding to render its determination. The suggested remand for further "fact-finding" amounts to a direction of further investigation and, potentially, a whole new prosecution. The decision about which claims should be investigated and prosecuted is better left to the discretion of the petitioner agency. Concur— Williams, J. P., Saxe and Friedman, JJ.

Tom, J., dissents in part in a memorandum as follows: While I agree with the majority with respect to dismissal of the case against the father, I would remand for further fact finding as to possible prior instances of abuse by the mother. The mother had left the supervision of her two-year-old daughter, who suffers from epilepsy, to her nine-year-old son, the subject of this proceeding, while she was in a different room. While watching his sister, the boy opened a window. Then, he momentarily left the apartment to throw out garbage, one of his usual chores. While the boy was outside, the infant daughter climbed on the window ledge and apparently was trying to get beyond the window guard when respondent mother entered the room. Seeing her daughter, and not seeing her son, she lost control. As the boy returned at that moment, the respondent mother, in great anger, swung her purse belt at him and caught him with the metal buckle in the face near the eye. The boy suffered five lacerations to the left side of his face from below the eyebrow to the cheekbone and swelling to the left eye. A teacher reported the suspected abuse when he appeared in school. When initially interviewed, the mother claimed that the boy had fallen while roller blading. She initially convinced him to repeat the same explanation.

Much of the proceeding focused on the issue whether this, by itself, was prima facie evidence of abuse. However, the record also contains some indication of possible prior abuse. A social worker's narrative of an interview with the teacher indicates that the teacher had observed on prior occasions many other injuries on the boy and reported them to the guidance counselor, although those instances were never formally reported. At oral argument, the Law Guardian contended that evidence from the teacher and other witnesses as to possible prior abuse had been precluded.

In view of the seriousness of the charges, indications of prior abuse, the mother's admissions regarding what appears to be uncontrollable conduct which could have resulted in the loss of the child's eye, and the endemic concern in child abuse cases

about the abuse that goes undetected despite telltale signs that are not timely addressed, often leading to tragic results, I would remand for a reopened fact finding to allow testimony from such additional witnesses offering relevant evidence bearing on whether the respondent mother had exhibited a pattern of abuse. Hence, to this extent, I dissent.