■ In the Matter of TIMOTHY H. and Others, Children Alleged to be Neglected. KEVIN H., Appellant; COMMISSIONER OF ADMINISTRATION FOR CHILDREN'S SERVICES FOR THE CITY OF NEW YORK, Respondent, et al., Respondent. [726 NYS2d 428] —Order of disposition, Family Court, New York County (Gloria Sosa-Lintner, J.), entered on or about May 12, 2000, which, upon suspending judgment for one year, released the subject children to respondent-appellant and co-respondent, upon a fact-finding determination that appellant neglected one of the subject children by inflicting excessive corporal punishment, and derivatively neglected the other subject children, and order, same court and Judge, entered on or about July 27, 2000, which denied appellant's motion to vacate the finding of neglect, unanimously affirmed, without costs.

The finding of neglect was properly based on the stipulated fact that appellant punched the subject child in the face with such force as to leave teeth impressions on the inside of his cheek and also kicked him in the groin (Family Ct Act § 1012 [f] [i] [B]). As Family Court found, such force could only

have been chosen with the intent to hurt and humiliate the child (*compare, Matter of P. Children*, 272 AD2d 211, 212, *lv denied* 95 NY2d 770). While the injury sustained by the child did not impair his physical or emotional health, the nature of the force was such as to create a substantial risk of such impairment, satisfying the imminent impairment requirement of the statute (*see, Matter of C. Children*, 183 AD2d 767, 768). The nature of the force also "demonstrates such an impaired level of parental judgment as to create a substantial risk of harm" for the other children, justifying the findings of derivative neglect (*see, Matter of Dutchess County Dept. of Social Servs. [Noreen K.]*, 242 AD2d 533, 534). Concur—Rosenberger, J. P., Williams, Tom, Andrias and Marlow, JJ. [Recalled and vacated, 287 AD2d 262.]