■ In the Matter of the Claim of ROBERT J. LUCCI, Appellant. COMMISSIONER OF LABOR, Respondent. [736 NYS2d 756] —Mugglin, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 26, 2000, which ruled, inter alia, that claimant was ineligible to receive unemployment insurance benefits because he did not have bona fide employment.

During each of the years 1994 through 1999, claimant reported having worked as a caretaker for the corporation he sold in 1987 which owned property in the Adirondacks. For each year, claimant reported working 20 weeks, the minimum necessary to qualify for unemployment insurance benefits. His starting date to begin work each year was based upon the date when his 26 weeks of benefits were exhausted. Claimant did not receive any monetary compensation but, instead, received lodging and, for one year, he also received health benefits. Each year he reported his compensation as $12,000, an amount which qualified him for the maximum benefits. Following an investigation, the Commissioner of Labor determined that the employment reported by claimant was contrived and that, therefore, he had no bona fide employment during the relevant periods. Accordingly, claimant was determined to have made willful misrepresentations to obtain benefits and was charged with an overpayment of $39,000, and his right to receive future benefits was reduced by 480 effective days. The Unemployment Insurance Appeal Board ultimately agreed with the Commissioner, prompting this appeal by claimant.

The Board's decision, based primarily on its assessment of the credibility of claimant's testimony and the reasonable inferences to be drawn from the evidence, is supported by substantial evidence and, therefore, will not be disturbed (see, Matter of DiMaria [Ross], 52 NY2d 771). Claimant presented no evidence to demonstrate that the lodging he received as compensation had a value anywhere near what he reported (see, 12 NYCRR 480.1) and he did not keep track of the dates and times he actually performed work as caretaker. In addition, testimony of the investigator regarding the nature and condition of the property support the conclusion that claimant misrepresented both the amount of his compensation and the extent of the work he performed as caretaker. The conclusion is further sup-

ported by the repetitive pattern of employment and unemployment reported by claimant whereby, for no apparent economic reason, he worked only the 20-week minimum he understood to be necessary to qualify for benefits, then applied for benefits and returned to work immediately after collecting the maximum weeks of benefits.

The record provides substantial evidence to support the Board's findings that the employment reported by claimant was contrived and that he made willful factual misrepresentations regarding both the extent of the employment and his remuneration from that employment. The record provides no support for claimant's argument that he was denied the fundamental right to confront witnesses by the denial of his counsel's request for the entire investigative report. The investigator testified at the hearing that he interviewed only claimant and the employer's accountant, and the Board's decision was based solely on the evidence presented at the hearing, not on the contents of the undisclosed investigative report. There is no basis to disturb the decision.

Peters, J.P., Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.