# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2101-17T2

NEW JERSEY DIVISION OF
CHILD PROTECTION AND
PERMANENCY,

      Plaintiff-Respondent,

v.

C.V.

      Defendant-Appellant.

_____

IN THE MATTER OF JA.B, JO.B,
K.B., A.B., C.V., and A.V.,

      Minors.

_____

Argued November 5, 2018 – Decided December 13, 2018

Before Judges Sabatino and Mitterhoff.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Warren County, Docket No. FN-21-0157-17.

Meghan K. Gulczynski, Designated Counsel, argued the cause for appellant (Joseph E. Krakora, Public

Defender, attorney; Meghan K. Gulczynski, on the briefs).

Alexandra N. Vadala, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Jason W. Rockwell, Assistant Attorney General, of counsel; Alexandra N. Vadala, on the briefs).

Noel C. Devlin, Assistant Deputy Public Defender, argued the cause for minors (Joseph E. Krakora, Public Defender, Law Guardian, attorney; Noel C. Devlin, of counsel and on the brief).

PER CURIAM

Defendant appeals from a September 18, 2017 order finding that she abused or neglected her children within the meaning of N.J.S.A. 9:6-8.21(c). We affirm.

Defendant is the mother of six children: JA.B., A.V., C.V., JO.B., K.B., and A.B.[1] At the time this matter commenced in March 2017, her children ranged in age from two to ten years old. Defendant raised her children with the biological father of all but one of the children. Defendant and the biological father ended their relationship in March 2017, and he moved out of the home for

---

[1] We use initials to protect the privacy of the parties. R. 1:38-3(d)(12).

approximately one month. Defendant became overwhelmed when she was left to care for her six children in the absence of their father.

On or about March 30, 2017, JO.B. and K.B., ages five and four, respectively, exited the home through a window on the first floor. A.V., age eight, attempted to look for her siblings and informed defendant about what happened. Defendant and JA.B., age ten, then left the home to look for JO.B. and K.B., leaving the remaining children at home. In a conversation with Division personnel, JA.B. confirmed that A.V. and JO.B. "are always running away" and that "she is the one who always has to run after her siblings when they leave home without permission." JA.B. also informed the Division workers that her father "tried to keep the window closed by putting nails through [it]," but asserted that it did not work.

While defendant looked for JO.B. and K.B., the remaining three children left the home to find defendant because "the[re] was no adult home and they were scared." None of the children were wearing shoes, and one child was not wearing a shirt. The temperature was forty-five degrees Fahrenheit. The children were spotted on Center Street in Phillipsburg, New Jersey by a passerby who drove them home and subsequently reported defendant to the Division.

3

Upon receiving the referral, Division personnel went to defendant's home, where the children proceeded to run away three times while the case workers were present. Each time the children ran away, it took defendant at least ten minutes to locate them. After defendant returned with the children for the third and final time, the Division personnel called the police to keep the children in the home.

The Division personnel found defendant's home unsanitary during the visit. The children's bedrooms smelled like soiled laundry, rotten food, and garbage. The mattresses in the bedrooms were dirty and there were no fitted sheets on the beds. One of the mattresses was damaged and taped together. The floors of the bedrooms were not visible because they were covered with clothes, toys, dirty laundry, and garbage. The remaining rooms of the home, including the kitchen and bathroom, were in a similar unsanitary condition.

As a result of the Division home visit, defendant and Division personnel put a safety protection plan in place. As part of the plan, defendant's mother took the children for the evening while defendant and the children's father cleaned the home. Division personnel returned to defendant's home four days later and observed that it was "spotless."

A-2101-17T2

On September 18, 2017, the trial court held a fact-finding hearing to determine whether defendant abused or neglected her children within the meaning of N.J.S.A. 9:6-8.21(c). The Honorable Haekyoung Suh, in an oral opinion, found that defendant abused or neglected her children. Regarding the state of the home, the trial court found that "[s]ince the time of [the children's father's] departure[,] the house had deteriorated to the point of utter disorganization and squalor." The court found that the house was "unsafe for children."

Furthermore, the court stated that the children's ability to "escape[] from the home three times" during the Division visit was "disturbing. . . . The alacrity by which the children left the house demonstrates to this Court that this was somewhat of a routine. That is, to leave the house unattended and not fully clothed." The trial court found that defendant abused or neglected her children. This appeal followed.

The appellate standard of review of the "fact-findings of the Family Part judge" is "strictly limited." N.J. Div. of Youth and Fam. Servs. v. I.H.C., 415 N.J. Super. 551, 577-78 (App. Div. 2010) (citing Cesare v. Cesare, 154 N.J. 394, 412 (1998)). "Findings by the trial judge are considered binding on appeal when supported by adequate, substantial and credible evidence." N.J. Div. of Youth

and Fam. Servs. v. Z.P.R., 351 N.J. Super. 427, 433 (App. Div. 2002) (quoting

Rova Farms Resort, Inc. v. Inv. Insur. Co. of Am., 65 N.J. 474, 484 (1974)).

"[A]n appellate court should not disturb the 'factual findings and legal

conclusions of the trial judge unless [it is] convinced that they are so manifestly

unsupported by or inconsistent with the competent, relevant and reasonably

credible evidence as to offend the interests of justice.'" Cesare, 154 N.J. at 412

(alteration in original) (quoting Rova Farms Resort, Inc., 65 N.J. at 484).

However, appellate courts "do not defer [to the trial court] on questions of law."

N.J. Div. of Youth and Fam. Servs. v. V.T., 423 N.J. Super. 320, 330 (App. Div.

2011).

An "abused or neglected child" is

> a child whose physical, mental, or emotional condition
> has been impaired or is in imminent danger of
> becoming impaired as the result of the failure of his
> parent or guardian, as herein defined, to exercise a
> minimum degree of care (a) in supplying the child with
> adequate food, clothing, shelter, education, medical or
> surgical care though financially able to do so or though
> offered financial or other reasonable means to do so, or
> (b) in providing the child with proper supervision or
> guardianship, by unreasonably inflicting or allowing to
> be inflicted harm, or substantial risk thereof, including
> the infliction of excessive corporal punishment; or by
> any other acts of a similarly serious nature requiring the
> aid of the court.
>
> [N.J.S.A. 9:6-8.21(c)(4).]

"Whether a parent or guardian has failed to exercise a minimum degree of care is to be analyzed in light of the dangers and risks associated with the situation." G.S. v. Div. of Youth and Fam. Servs., 157 N.J. 161, 181-82 (1999). Failure to exercise a "minimum degree of care" requires "conduct that is grossly or wantonly negligent, but not necessarily intentional." Id. at 178; Div. of Youth and Fam. Servs. v. T.B., 207 N.J. 294, 299-300 (2011). "[T]he concept of willful and wanton misconduct implies that a person has acted with reckless disregard for the safety of others." G.S., 157 N.J. at 179 (citing Fielder v. Stonack, 141 N.J. 100, 124 (1995)).

New Jersey courts do not delineate all of the scenarios that would amount to a finding of failure to exercise a "minimum degree of care," but "the inquiry should focus on the harm to the child and whether that harm could have been prevented had the guardian performed some act to remedy the situation or remove the danger." Id. at 182. The Supreme Court has held that "a guardian fails to exercise a minimum degree of care when he or she is aware of the dangers inherent in a situation and fails adequately to supervise the child or recklessly creates a risk of serious injury to that child." Id. at 181 (citing In re Sellnow v. Perales, 158 A.D.2d 846 (N.Y. 1990)). In deciding whether a child has been abused or neglected, courts "must base [their] findings on the totality of the

A-2101-17T2

circumstances[.]" <u>V.T.</u>, 423 N.J. Super. at 329. The court should focus on the "parent's conduct at the time of the incident to determine if a parent created an imminent risk of harm to a child[;]" however, the court may also consider "the risk of harm posed by a parent at the time of a hearing." <u>Div. of Child Prot. and Perm. v. E.D.-O.</u>, 223 N.J. 166, 189 (2015). A child need not be "actually irreparably impaired by parental inattention or neglect" for a court to find that a parent failed to exercise a minimum degree of care. <u>In re Guardianship of D.M.H.</u>, 161 N.J. 365, 383 (1999) (citing <u>N.J. Div. of Youth & Fam. Serv. v. A.W.</u>, 103 N.J. 591, 616 n.14 (1986)).

In this case, the trial court found that the unsanitary state of the home, coupled with defendant's failure to exercise reasonable care to prevent her children from escaping the home, amounted to abuse and neglect. Although defendant and the biological father of the children took immediate action to rectify the problems within their household by cleaning the home and working together to prevent any similar incidents in the future, these post-incident measures, while laudable, do not negate the dangers previously created by defendant's conduct in March 2017. <u>See</u> <u>E.D.-O</u>, 223 N.J. at 189. For these reasons, we find that there is substantial credible evidence to support the trial court's conclusion that defendant failed to exercise a minimum degree of care

A-2101-17T2

within the meaning of N.J.S.A. 9:6-8.21(c)(4), and affirm the finding of neglect.

See Z.P.R., 351 N.J. Super. at 433.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2101-17T2