OPINION of the court
Denis R. Hurley, J.
An educational neglect petition was filed against the respondent, Vincent Hickey, pursuant to article 10 of the Family Court Act. The gravamen of the petition is that Mr. Hickey, “without just cause or valid reason withheld his daughter [Deborah] from physical education class” on specific dates commencing September 16, 1982, and ending November 10, 1982.
The following is a synopsis of the relevant facts and circumstances developed during the course of the hearing. Deborah, the subject of this proceeding, was born on September 6,1966. She was 16 years old when the petition was filed and when the acts of absenteeism allegedly occurred; she is now seventeen.
She commenced her studies in the Kings Park School District in seventh grade; presently, she is in 10th grade in high school. It is undisputed that although she participates fully in her academic curriculum, she has not attended or participated in physical education classes since seventh grade, and in particular on the dates alleged in the petition, all of which, again, postdate her 16th birthday.
*668 Vincent Hickey, the respondent, testified that participation in physical education class, as well as the concomitant wearing of shorts, pants or a short skirt are violative of his, as well as Deborah’s religious beliefs, as Christian Fundamentalists. The pivotal biblical passage, cited time and again by the respondent reads: “For bodily exercise profiteth little: but godliness is profitable unto all things”. (Timothy, 1st Epistle, ch 4, verse 8.) The facts developed at the hearing in reference to the respondent’s church, the afore-mentioned biblical passage, and how each relates to Deborah’s nonparticipation in gym are unclear to me. Consequently, this decision is not based on First Amendment considerations.
Deborah testified that it is her own belief, as well as her father’s, that precludes her from participation in gym class. There is no question that she understands that the consequence of her voluntary nonparticipation in physical education classes will be her ineligibility to obtain a high school diploma. She testified that she intends to remedy that problem by taking the high school equivalency examination, although it is, of course, conjectural whether she will obtain a diploma via that route.
It appears that the sole concern of the school district is that Deborah’s failure to attend gym class will prevent her from graduating from high school. Through the efforts of various concerned school personnel, an attempt was made to work out a solution with Mr. Hickey and Deborah. When it appeared that no solution was forthcoming, and when Deborah continued to either absent herself from gym class or refuse to participate when present, the school district instituted the instant neglect proceeding.
The issue before the court is whether a 16-year-old child, who of her own volition but with the support of her parent, fails to participate in physical education classes, is a neglected child within the meaning of article 10 of the Family Court Act. The pertinent part of subdivision (f) of section 1012 of the Family Court Act defines “neglected child” to be: “a child less than eighteen years of age * * * whose physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent * * * to exercise a minimum *669 degree of care * * * in supplying the child with adequate * * * education in accordance with the provisions of part one of article sixty-five of the education law” (Family Ct Act, § 1012, subd [f], par [i], cl [A]).
The following analysis is, therefore, necessary to determine whether a parent is chargeable with the educational neglect of his child. First, has the child’s physical, mental or emotional condition been impaired or in danger of becoming impaired? Secondly, if the afore-mentioned condition of the child exists, is it as the result of the failure of his parent to exercise a minimum degree of care in supplying adequate education?
To determine whether Deborah’s physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired, attention is directed to subdivision (h) of section 1012 of the Family Court Act which provides as follows: “ ‘Impairment of emotional health’ and ‘impairment of mental or emotional condition’ includes a state of substantially diminished psychological or intellectual functioning in relation to, but not limited to, such factors as failure to thrive, control of aggressive self-destructive impulses, ability to think and reason, or acting out or misbehavior, including incorrigibility, ungovernability or habitual truancy; provided, however, that such impairment must be clearly attributable to the unwillingness or inability of the respondent to exercise a minimum degree of care toward the child”.
The theory propounded by the petitioner is essentially that Deborah may be at a disadvantage in later life if she fails to receive her high school diploma, and thus she is suffering impairment presently. That Deborah’s future would be enriched by having a high school diploma is almost certainly true, yet the circumstances that will produce its absence fall far short of establishing that she is suffering from “substantially diminished psychological or intellectual functioning”. To the contrary, Deborah impressed the court as a pleasant, sensitive young lady who is doing well in all of her school work except for physical education, and whom her teachers have categorized as a “delight” to have in class. “Impairment of the child’s physical, mental or emotional condition (or the imminent dan *670 ger of impairment) is the absolute prerequisite of a finding of neglect under subdivision 1012 (f) (i)”. (Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Part 1, p 237.) Accordingly, the petitioner’s case fails ab initio.
Assuming, arguendo, that the first part of the analysis was proven, i.e., that Deborah’s physical, mental or emotional condition has been impaired or is in imminent danger thereof, the petitioner failed to establish the second part of the test. The proof indicates that Deborah’s nonparticipation in gym at the times specified in the petition was the result of her religious beliefs, as well as those of her father. Such being the case, the court may not legitimately conclude that the present problem is caused by the respondent’s failure “to exercise a minimum degree of care * * * in supplying the child with adequate * * * education in accordance with the provisions of part one of article sixty-five of the education law” (Family Ct Act, § 1012, subd [f], par [i], cl [A]).
Prescinding from all of the above, there is another, and more fundamental problem. Is the petition defective on its face? Would a CPLR 3211 (subd [a], par 7) motion have been in order? Arguably “yes”, although the court will not fully explore and decide that nonraised issue, since the petition is subject to dismissal on a number of grounds that were raised and addressed by the parties at the hearing. Nonetheless, mention should be made of the apparent patent defectiveness of the petition.
This is an educational neglect case. The issue is whether the respondent prevented his daughter from receiving an “education in accordance with the provisions of part one of article sixty-five of the education law”. (Family Ct Act, § 1012, subd [f], par [i], cl [A].) Section 3205 (subd 1, par a) (which is contained “in part one of article sixty-five of the education law”), provides: “In each school district of the State, each minor from six to sixteen years of age shall attend upon full time instruction”.
All of the gym absences alleged in the petition postdate Deborah’s 16th birthday. Clearly then, at all relevant times, the child had no obligation to attend school under *671 article 65, so her father’s action or inaction may not constitute “educational neglect” as that term is defined in section 1012 (subd [f], par [i], cl [A]) of the Family Court Act.
Finally, subdivision (c) of section 1051 of the Family Court Act requires a court to dismiss a neglect petition if it concludes that its aid is not required. Indeed, the instant petition may be dismissed on that account; since Deborah is no longer subject to the compulsory education law, this court has little, if any, dispositional power over the respondent. This is particularly true since Deborah has testified and, the court believes, that her beliefs, independent of those of her father, prevent her from participating in physical education. A “workable” dispositional order simply may not be fashioned in this case.
Unfortunately, a neglect proceeding against Mr. Hickey is not a proper vehicle to ensure that Deborah receives her diploma. Presumably, a school district’s remedy for addressing unexcused absences from required courses includes discipline, suspension or expulsion. However, this court believes that the school district elected not to impose sanctions against Deborah for all the right reasons. Indeed, the Kings Park School officials are to be commended for their good-faith attempts to do what is best for Deborah, and the court shares their frustration in not being able to aid in ensuring that Deborah receives her high school diploma. I believe that Deborah will be adversely affected by the position that her and her father have taken. Moreover, I do not pretend to understand that position. Yet, the father has not neglected his daughter educationally, or otherwise, within the meaning of article 10 of the Family Court Act.
For the reasons stated above, the instant petition is dismissed.