■ In the Matter of ANGELA D. and Another, Children Alleged to be Abused. COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant; ANNETTE S., Respondent.— In consolidated proceedings pursuant to Family Court Act article 10 involving allegations of neglect and abuse, the appeal is from an order of the Family Court, Kings County (Tejada, J.), dated December 20, 1989, which, after a fact-finding hearing, dismissed the amended petition and returned the children to their mother.

Ordered that the order is affirmed, without costs or disbursements.

These proceedings pursuant to Family Court Act article 10 were instituted by the Commissioner of Social Services of the City of New York, who alleged that the mother's twin three-year-old children, Angela and Leonardo, were abused and

neglected. After the children were temporarily removed from her physical custody, the mother applied pursuant to Family Court Act § 1028 for their return, pending a determination by the Family Court at a scheduled fact-finding hearing. The Family Court granted the mother's application, but this court reversed, finding that the mother had not adequately explained the children's injuries and therefore, they should not be returned to her prior to the fact-finding hearing (see, Matter of Angela D., 154 AD2d 567). Upon the conclusion of the fact-finding hearing, the Family Court dismissed the amended petitions for insufficient evidence, and returned the children to their mother.

We find, contrary to the Family Court's determination, that the petitioner met its burden of establishing neglect with respect to both children by a preponderance of the evidence (see, Family Ct Act § 1046; Matter of Tammie Z., 66 NY2d 1). However, there is no longer a need for a dispositional hearing, and dismissal is warranted pursuant to Family Court Act § 1051 (c).

While this appeal was pending, the mother moved with the children to the State of Maryland and agreed to supervision by the Maryland Department of Social Services, the agency in that State charged with the responsibility for administering child protection services. During oral argument, we were informed by both the attorney representing the petitioner, and the children's Law Guardian, that the Maryland authorities had been contacted as soon as it was discovered that the mother had removed the children to that State. The petitioner sent all information in its files concerning this case to the Maryland authorities, who made periodic home visits. We have been informed that the home visits continued for a period of approximately 15 months until in or about March 1991 when the Maryland authorities decided to close their file with respect to this case.

Under the circumstances, and notwithstanding the evidence of neglect in the record of the fact-finding hearing, we find that the aid of the New York Family Court "is not required on the record before [us]" (Family Ct Act § 1051 [c]), and dismissal is thus warranted. Lawrence, J. P., Eiber, Balletta and Ritter, JJ., concur.