■ In the Matter of LEWIS T. and Another, Children Alleged to be Abused and Neglected. DELAWARE COUNTY DEPARTMENT

OF SOCIAL SERVICES, Petitioner; JOANN T., Respondent. JAMES M. HARTMANN, as Law Guardian, Appellant. [671 NYS2d 180] —Carpinello, J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered March 24, 1997, which, in a proceeding pursuant to Family Court Act article 10, *inter alia*, dismissed petitioner's application following a finding of neglect.

This proceeding was commenced by petitioner in March 1996 charging respondent with abuse and neglect of her two children. Following a fact-finding hearing, Family Court adjudicated the children to be neglected pursuant to Family Court Act § 1012 (f) (i) but dismissed the petition pursuant to Family Court Act § 1051 (c) on the ground that its aid was not required in light of a 1995 order of the court granting the children's father sole legal custody and respondent supervised visitation only. The Law Guardian appeals.

Family Court erred in finding that dismissal of the neglect petition was warranted pursuant to Family Court Act § 1051 (c) (*cf., Matter of Angela D.*, 175 AD2d 244 [no need for a dispositional hearing where the respondent moved out of State and was being supervised by child protective agency in another State]; *Matter of Jessica C.*, 132 Misc 2d 596 [neglect petition dismissed because the respondent no longer employed to care for unrelated child whom she allegedly neglected]; *Matter of Hickey*, 124 Misc 2d 667 [educational neglect petition dismissed because alleged neglected child, having attained the age of 16, was no longer subject to compulsory provisions of Education Law]). We find that resort to the prior order was insufficient to protect the children (*compare, Matter of Jessica FF.*, 211 AD2d 948, *lv denied sub nom. Matter of Angelina AA.*, 85 NY2d 808).

Notwithstanding Family Court's laudable desire to avoid unnecessary proceedings, by dismissing the petition it was unable to consider any alternative or additional dispositional remedies which may be warranted in the children's best interest that are not provided for under the prior custody order (*see generally, Matter of Suffolk County Dept. of Social Servs. [Michael V.] v James M.*, 83 NY2d 178, 183). As pointed out by the Law Guardian, two years elapsed between the custody order and the instant order dismissing the petition; thus, "[a] dispositional hearing might have disclosed, for example, the children's need for further intervention" (*id.*, at 183). Even if, upon a current assessment of the children's conditions and needs, no "new" remedies need be included in the dispositional order, the finding of neglect would at least remain intact against respondent, which might prove significant in potential future proceed-

ings (*see generally, Matter of James HH.*, 234 AD2d 783, *lv denied* 89 NY2d 812).

Moreover, in dismissing the petition, Family Court terminated petitioner's only official involvement with this family. Despite the prior custody award, petitioner still intervened on behalf of the children as was its right under Family Court Act article 10 (*see*, Family Ct Act § 1011). The legal right of *petitioner* to, *inter alia*, supervise persons legally responsible for neglected children's care, including respondents and nonrespondents in child protective proceedings, can only be ordered by Family Court after a dispositional hearing (*see*, Family Ct Act §§ 1045, 1052, 1054, 1055, 1057). Petitioner was presumably not a party to the custody proceeding and dismissal of the petition precluded consideration of any additional role by petitioner in its official capacity to better protect the children, including greater protection than is provided for in the existing custody order.

Mercure and Peters, JJ., concur.

Cardona, P. J. (dissenting). We respectfully dissent. Family Court Act § 1051 (c) authorizes a court, in a neglect proceeding, " 'to dismiss a petition satisfying the formal requirements of "neglect", but not of sufficient significance to require the court's aid' " (Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1051, at 415, quoting Committee Comments, Family Ct Act § 351 [1962, repealed 1970]). In our view, this section casts an affirmative duty upon Family Court to determine if its intervention is necessary *before* a dispositional order is issued: "[I]f, in a case of alleged neglect, the court concludes that its aid is not required on the record before it, the court *shall* dismiss the petition and shall state on the record the grounds for the dismissal" (Family Ct Act § 1051 [c] [emphasis supplied]).

In an apparent deviation from the statute, the majority would seemingly require Family Courts to hold dispositional hearings whenever there is an adjudication of neglect, despite the existence of circumstances evincing no need for further court intervention to protect a child's interest. Here, Family Court's prior order placing sole custody of the children with their father and its order of protection which requires the mother to stay away from them during their minority (*see*, Family Ct Act § 1056 [4]), except when visiting them under petitioner's supervision, is sufficient to safeguard their interests under the circumstances as the mother will no longer be in a position to place their physical, mental or emotional well-being at risk. Our review of the record does not reveal

support for the majority's conclusion that the prior order is insufficient to protect the children. For this reason, we cannot say that Family Court abused its discretion in not conducting a dispositional hearing to determine whether further intervention was necessary.

Furthermore, in fulfillment of its statutory duties, petitioner has a continuing right to intervene on behalf of the children by filing another neglect petition or effecting a temporary removal should the circumstances warrant it (*see generally*, Social Services Law §§ 397, 398; Family Ct Act § 1021 *et seq.*). Accordingly, under the circumstances here, we would affirm Family Court's dismissal of the petition pursuant to Family Ct Act § 1051 (c).

Yesawich Jr., J., concurs. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed petitioner's application; petition reinstated and matter remitted to the Family Court of Delaware County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.