■ In the Matter of Victoria CC., a Child Alleged to be Neglected. Tompkins County Department of Social Services, Respondent; Phyllis DD., Appellant. (And Another Related Proceeding.) [681 NYS2d 870] —White, J. Appeals from two orders of the Family Court of Tompkins County (Sherman, J.), entered September 23, 1997, which granted petitioner's applications, in two proceedings pursuant to Family Court Act article 10, to adjudicate respondents' child to be neglected.

As respondent Phyllis DD. (hereinafter the mother) was giving her nine-month-old child a bath, the telephone rang. Leaving the child in the bathtub, the mother left the bathroom to answer the phone. When she returned she found the child floating face up in the water. Fortunately, emergency medical technicians were able to revive the child, who has emerged apparently unscathed from this near drowning. Thereafter, upon its receipt of a report from the State Central Registry, petitioner established a safety plan wherein the mother was not to be left alone with the child and she was to undergo a psychological evaluation. She saw a psychologist on January 21, 1997; however, the session was terminated after an hour due to the mother's uncooperative and belligerent conduct.

This case's mosaic was completed on February 24, 1997 when the child's father, respondent Victor CC. (hereinafter the father), consumed a quantity of beer and engaged in a loud, long running argument with the mother. During the argument, acting on their concern for the child's safety, respondents called the maternal grandparents and the grandfather came and took the child to their home. In an attempt to avoid further conflict, the father then left the marital residence and called the State Police, requesting that they take him to a motel for the night, which they did. After this incident, the mother agreed to transfer temporary custody of the child to her parents and Family Court entered an order to that effect.* Petitioner then filed neglect petitions against the mother and the father. Following a fact-finding hearing, Family Court sustained the petitions and, on respondents' consent, entered orders of disposition placing the child in her grandparents' custody and respondents under petitioner's supervision for one year. The mother and the father appeal.

To establish neglect, petitioner must establish by a preponderance of the evidence that parental misconduct caused harm or potential harm to the child (*see, Matter of Cody P.*, 227 AD2d 724). Family Court found that petitioner satisfied this burden with respect to the mother as it showed that her negligent lack of supervision nearly caused the death of her child. The mother challenges Family Court's conclusion, contending that a single incident of failure to supervise does not constitute neglect. We disagree. It is well settled that a single incident may be sufficient to constitute child neglect (*see, Matter of Shawn BB.*, 239 AD2d 678; *Matter of Jeffrey D.*, 233 AD2d 668; *Matter of Christina LL.*, 233 AD2d 705, 708, *lv denied* 89 NY2d 812) and

---

* The mother and father are unmarried and the paternity of the child has not been judicially established.

that an isolated accidental injury may constitute neglect if the parent was aware of the intrinsic danger of the situation (*see, Matter of James HH.*, 234 AD2d 783, *lv denied* 89 NY2d 812). Indisputably, leaving a nine-month-old child unattended in a bathtub is intrinsically dangerous and manifests an appalling lack of judgment that placed the child in substantial risk of harm. Thus, we affirm Family Court's order pertaining to the mother.

Turning to the father's appeal, Family Court found that due to his intoxication the father failed to provide proper supervision as he left the child alone with the mother in contravention of the safety plan. Inasmuch as there was no proof that the father repeatedly misused alcohol to the extent his judgment was impaired, Family Court Act § 1046 (a) (iii) is inapplicable to this matter. Thus, to sustain its petition, petitioner was required to come forward with proof that the father's intoxication on February 24, 1997 actually impaired the child's physical condition or caused an imminent risk of such impairment (2 Carrieri-Lansner, NY Civ Prac: Family Court Proceedings § 31.08). As pointed out by the Law Guardian, there is no evidence that the father's conduct caused such harm or potential harm. In fact, the evidence is just the opposite since the respondents had the child removed from the premises and placed in her grandparents' care on February 24, 1997. This evidence negates Family Court's finding that the father did not comply with the safety plan since it shows that he did not leave the child alone with the mother on February 24, 1997. While the mother is apparently subject to lapses in self-control when under stress, there is no record evidence that these lapses have adversely affected her ability to care for her child. In the absence of such evidence, we cannot accept Family Court's conclusion that the father's lack of awareness of the mother's emotional difficulties constitutes neglect. Accordingly, for these reasons, Family Court erred in sustaining the petition against the father.

Cardona, P. J., Mercure, Spain and Graffeo, JJ., concur. Ordered that the order entered against respondent Phyllis DD. is affirmed, without costs; ordered that the order entered against respondent Victor CC. reversed, on the law, without costs, and petition against said respondent dismissed.