■ In the Matter of LESTER M. ADMINISTRATION FOR CHILDREN's SERVICES, Respondent; NAVIJA M., Appellant. [844 NYS2d 123]—

In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals from a fact-finding order of the Family Court, Richmond County (DiDomenico, J.), dated October 12, 2006, which, after a hearing, found that she had neglected the subject child.

Ordered that the order is affirmed, without costs or disbursements.

In 2005 when Lester M. (hereinafter the child) was 18 months of age, he sustained second and third degree burns over 30% of his body from scalding water, when left unattended in a sink. As a result of the incident, the child was removed from the

mother's custody. Thereafter, the petitioner filed an abuse and neglect petition against both the child's mother and her boyfriend. After a hearing, a finding of "severe abuse" was entered against the mother's boyfriend, but the petition was dismissed as against the mother.

On January 11, 2006 the child was returned to the custody of his mother. However, approximately three weeks later, the child sustained first and second degree burns from a curling iron. According to the mother, she was sitting on her bed, styling her hair with a curling iron, as the child kept jumping from his bed to her bed. At one point, as she went to place the curling iron on her bed, the child's arm came into contact with the curling iron. The mother did not seek medical attention as a result of the incident. The Family Court found that the mother had neglected the child. We agree.

A neglected child is defined as a child less than 18 years of age "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof" (Family Ct Act § 1012 [f] [i] [B]). "[A] single incident may be sufficient to constitute child neglect . . . and . . . an isolated accidental injury may constitute neglect if the parent was aware of [or should have been aware of] the intrinsic danger of the situation" (*Matter of Victoria CC.*, 256 AD2d 931, 932-933 [1998]). Here, the Family Court's finding of neglect was supported by a preponderance of the evidence. The danger of using a curling iron while sitting on a bed with a two-year-old child jumping on the bed is apparent. Further, the fact that the mother failed to see the danger in such a situation, especially after the child had already suffered extensive burn injuries in a prior incident, shows an inability to protect the child from future harm (*see Matter of James HH.*, 234 AD2d 783 [1996]). Moreover, under these circumstances, the mother's failure to seek medical attention constituted medical neglect (*see Matter of Zakrya M.*, 18 AD3d 754 [2005]). Miller, J.P., Goldstein, Skelos and Balkin, JJ., concur.