■ In the Matter of AALIYAH Q. and Others, Children Alleged to be Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RODNEY R., Appellant et al., Respondent. [865 NYS2d 714]—

Peters, J. Appeals (1) from an order of the Family Court of Broome County (Connerton, J.), entered February 27, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate Aaliyah Q. and Kaylil Q. to be neglected children, and (2) from an order of said court, entered April 19, 2007, which, in a proceeding pursuant to Family Ct Act article 10, denied respondent's motion to remove the children's Law Guardians.

In January 2006, petitioner received a report from the New York State Central Register of Child Abuse and Maltreatment that respondent Rodney R. (hereinafter respondent) had bitten the children of his paramour, respondent Ivy Q. (hereinafter the mother). Petitioner thereafter commenced this proceeding alleging that respondents had neglected Aaliyah Q. (born in 2001) and Kaylil Q. (born in 1999)—the mother's children by Larry Q.—and Tanajha R. (born in 2004)—the mother's child by respondent.*

After a fact-finding hearing, Family Court adjudicated Aaliyah and Kaylil to be neglected and Tanajha to be derivatively neglected. Family Court subsequently entered two dispositional orders in February 2007—one regarding Aaliyah and Kaylil and one regarding Tanajha—which continued the placement of all three children with petitioner. Respondent then moved to remove the Law Guardians who had been appointed for the children in the proceedings. That motion was denied in April 2007. Respondent now appeals from the dispositional order with respect to Aaliyah and Kaylil and the order denying his motion.

Upon our review of the record, we conclude that Family Court's finding of neglect was supported by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]). While a parent or caretaker may use reasonable corporal punishment to discipline his or her children (see Penal Law § 35.10 [1]; Matter of Collin H., 28 AD3d 806, 809 [2006]), even a single incident of excessive corporal punishment can be sufficient to constitute child neglect (see Family Ct Act § 1012 [f] [i] [B]; Matter of Justin O., 28 AD3d 877, 878 [2006]; Matter of Shawn BB., 239 AD2d 678, 680 [1997]). The action of an adult biting a child's fingers hard enough to break the skin and cause scabbing and swelling as a form of discipline may constitute excessive corporal punishment (see e.g. Matter of William L. v Betty T., 243 AD2d 860, 861 [1997]; Matter of Daniel R., 241 AD2d 956, 957 [1997]; Matter of Commissioner of Social Servs. of City of N.Y. v Ligia K., 207 AD2d 488, 489 [1994]).

---

* Another proceeding was also commenced against respondents with respect to a fourth child, which is not the subject of this appeal.

Here, Family Court properly found that respondent was a person legally responsible for the care of the children as he acted as a functional equivalent of a parent (*see* Family Ct Act § 1012 [g]; *Matter of Brent HH.*, 309 AD2d 1016, 1017 [2003], *lv denied* 1 NY3d 506 [2004]). Family Court further found that he had bitten Kaylil and Aaliyah as a means of discipline, and that such behavior constituted excessive corporal punishment. The testimony at the fact-finding hearing demonstrated that respondent, as punishment for perceived infractions, had bitten the fingers of Kaylil and Aaliyah, causing lacerations, swelling, scabbing and scarring. The injuries were reported by the children's father. Petitioner's caseworker then separately interviewed each child, who, after initial hesitation, admitted that they had been bitten by respondent and that they had seen respondent bite the other child. Respondent claimed that the injuries were caused when the children bit each other, but the children denied this allegation and differentiated the injuries caused by respondent from the injuries caused by their younger sibling, Tanajha.

Although the children did not testify, their out-of-court statements were sufficiently corroborated by an indicated State Central Register report (*see* Family Ct Act § 1046 [a] [v]), by cross-corroborating statements regarding the same incidents (*see Matter of Ian H.*, 42 AD3d 701, 703 [2007], *lv denied* 9 NY3d 814 [2007]; *Matter of Kayla F.*, 39 AD3d 983, 984 [2007]), and by their "observed and photographed injuries" (*Matter of Collin H.*, 28 AD3d at 808; *see* Family Ct Act § 1046 [a] [ii]). Thus, according due deference to Family Court's opportunity to judge the witnesses' credibility (*see Matter of Bessette v Pelton*, 29 AD3d 1085, 1087 [2006]), we find that there was sufficient evidence to support Family Court's determination that respondent neglected the subject children by using excessive corporal punishment.

Respondent also claims that the Law Guardians for the children should have been removed because they were "lazy and incompetent and biased." As Law Guardians must "advocate for and represent the best interests of the children, not the parents" (*Matter of Hanehan v Hanehan*, 8 AD3d 712, 714 [2004]), the fact that they took a position contrary to that of respondent does not indicate bias (*see Matter of Nicole VV.*, 296 AD2d 608, 614 [2002], *lv denied* 98 NY2d 616 [2002]). The Law Guardians took an active role in these extended proceedings and we find that Family Court properly refused to remove them.

Cardona, P.J., Mercure, Carpinello and Kavanagh, JJ., concur. Ordered that the orders are affirmed, without costs.