■ In the Matter of MARY KATE VV. and Another, Children Alleged to be Neglected. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DENNIS VV., Appellant. [873 NYS2d 375]—

Rose, J. Appeal from an order of the Family Court of Ulster County (Work, J.), entered November 16, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.

In 2002, petitioner filed a neglect petition against respondent. In 2004, following a hearing, Family Court (Mizel, J.) found that respondent had neglected his children by inflicting excessive corporal punishment and issued a permanent order of protection. On appeal, we concluded that Family Court had failed to fully advise respondent of his statutory right to counsel and we remitted the matter for a new fact-finding hearing (25 AD3d 882 [2006]). After respondent moved unsuccessfully to have the petition dismissed pursuant to Family Ct Act § 1051 (c), Family Court (Work, J.) conducted a new fact-finding hearing and found that he had inflicted excessive corporal punishment and, thus, neglected the four children who were minors when the petition was filed. A dispositional hearing regarding the two remaining minor children was then held and the court ordered that, among other things, respondent be placed under petitioner's supervision for one year, have only supervised visitation and comply with a final order of protection.* Respondent now appeals.

Initially, respondent contends that Family Court erred in denying his motion to dismiss the proceeding pursuant to Family Ct Act § 1051 (c) because the court's aid was no longer required. He argues that, at the time of his motion, he had no contact with the children and, thus, he could not be found to pose a risk to them. Respondent's testimony, however, conveyed both his desire to reestablish contact with the children and his conviction that the corporal punishment he had imposed upon them was justified and appropriate. Since one child is still a minor and the findings of past neglect could prove significant in any future court proceeding, Family Court did not err in deny-

---

* We note that, upon consent of the parties in April 2008, Family Court terminated the order of disposition and vacated the related order of protection. As a result, any issue as to the relief granted in these orders has been rendered moot (see Matter of Cadejah AA., 33 AD3d 1177 [2006]).

ing respondent's motion (*see Matter of Lewis T.*, 249 AD2d 646, 647 [1998]; *see also Matter of James HH.*, 234 AD2d 783, 783 [1996], *lv denied* 89 NY2d 812 [1997]).

Respondent also argues that some of the evidence presented by petitioner related to incidents with his children that were not alleged in the petition and petitioner did not conform its pleadings to its proof. Thus, he contends such evidence cannot support Family Court's finding of neglect. This issue, however, is unpreserved because respondent did not object to the receipt of such evidence on that ground or otherwise raise the issue during the hearing (*see Matter of Gerrod BB.*, 284 AD2d 584, 585-586 [2001]).

Nor can we agree with respondent's contention that Family Court erred in finding that he neglected his children by inflicting excessive corporal punishment. As pertinent here, a neglected child includes one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent or other person legally responsible for his [or her] care to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting . . . harm, or a substantial risk thereof, including the infliction of excessive corporal punishment" (Family Ct Act § 1012 [f] [i] [B]). While the petitioner has the burden of proving neglect by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Aaliyah Q.*, 55 AD3d 969, 970 [2008]; *Matter of Chelsea BB.*, 34 AD3d 1085, 1087 [2006], *lv denied* 8 NY3d 806 [2007]), it is not required "to show actual physical injury or impairment to [the child], as the showing of 'imminent danger' of harm or impairment suffice[s] to establish that [the] child was a neglected child" (*Matter of Collin H.*, 28 AD3d 806, 809 [2006], quoting Family Ct Act § 1012 [f] [i] [B]). It is also well settled that Family Court's determination in neglect proceedings is entitled to great deference since it had the advantage of viewing the witnesses and assessing their demeanor and credibility (*see Matter of Michael CC. v Amber CC.*, 57 AD3d 1037, 1040 [2008]; *Matter of Aaliyah Q.*, 55 AD3d at 971).

While we recognize that a parent may use reasonable corporal punishment to promote the discipline of children (*see e.g. Matter of Aaliyah Q.*, 55 AD3d at 970), there is ample support in the testimony of respondent's four younger children for Family Court's finding that the discipline regularly imposed by respondent here consisted of screaming, humiliation and blows with a wooden stick measuring 18 inches by three-fourths-inch thick. Such physical punishment was inflicted upon all of the children,

was grossly out of proportion to their offenses, and caused welts, bruising and extreme mental anguish.

Respondent's younger son testified that being struck by the stick was common punishment when respondent monitored them while they were doing their homework and that, on one occasion, respondent caused scratches on this son's neck which respondent then tried to cover up with powder so that no one would see them. The oldest son testified that in addition to beating him with the stick, respondent had punched him in the head with a closed fist, caused him to have a black eye and bleeding mouth, and elbowed him in his face for errors in the bookkeeping for his newspaper route. The testimony of respondent's two younger daughters established that he disciplined them two or three times per week by striking them with the stick, he screamed and pulled their hair, they were physically punished for minor offenses such as not lining up bottles properly and making errors in their homework, and they never knew when or what might trigger such punishment. In addition, there was evidence that the children had been so terrified that they avoided going home, and that their pervasive fear of respondent contributed to one child's suicidal ideation and another's self-mutilation. Inasmuch as the children's testimony, which was largely corroborated by their mother, established that, from an early age and on a nearly daily basis, each of the children had sustained bruises and endured fear, humiliation and physical pain caused by respondent's actions, we defer to Family Court's assessment of the witnesses' credibility and conclude that the court's findings of neglect are supported by a preponderance of the evidence.

Mercure, J.P., Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.