■ In the Matter of APHRODITE KRISTINA MARIA S., an Infant. SAINT DOMINIC'S HOME et al., Respondents; KATRINA W., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of MARIDAS ANTONIA S., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; KATRINA W., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of ANTHONY JESUS S., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; KATRINA W., Appellant, et al., Respondent. (Proceeding No. 3.) In the Matter of JOSEPH JESUS DAVID S., Also Known as JOSEPH A., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; KATRINA W., Appellant, et al., Respondent. (Proceeding No. 4.) [889 NYS2d 486]—

Contrary to the mother's contention, the evidence presented at the fact-finding hearing established, by the requisite clear and convincing standard of proof, that she permanently neglected her children by continuing to abuse illegal drugs following their removal from her custody and following her release from prison and by failing to plan for their future (*see* Social Services Law § 384-b; *Matter of Sarah Jean R.*, 290 AD2d 511, 512 [2002]). Notwithstanding the diligent efforts of Lutheran Social Services of Metropolitan New York, Inc., to help reunite the family, the mother refused to cooperate with rehabilitation programs, thereby violating a condition of parole and causing her reincarceration for almost the entirety of the subject period. By her actions, the mother failed to plan for her children's return (*see Matter of Laura F.*, 48 AD3d 812 [2008]).

The mother's contention that the court erred in admitting certain agency case records into evidence is unpreserved for appellate review (*see Matter of Eugene L.*, 22 AD3d 348, 349 [2005]; *Matter of "Baby Girl" Q.*, 14 AD3d 392, 393 [2005]). Skelos, J.P., Eng, Belen and Austin, JJ., concur.