■ In the Matter of IMENA V. and Others, Children Alleged to be Neglected. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DIA V., Appellant, et al., Respondent. [937 NYS2d 387]—

Peters, J.P.

We disagree with the father's assertion that Family Court erred in denying his motion to dismiss the neglect proceeding pursuant to Family Ct Act § 1051 (c) because the court's aid was no longer required. He claims that he did not pose a continuing risk to the children since, at the time of disposition, he had been living in Ohio for over a year and had separated from the mother, who had custody of the children and was under the supervision of petitioner. The evidence established, however, that he continues to visit with the children and has failed to take any steps to remedy the problems upon which the neglect proceeding was based. Moreover, the children are still minors and the finding of past neglect could prove significant in any future court proceeding (*see Matter of Mary Kate VV.*, 59 AD3d 873, 874 [2009], *lv denied* 12 NY3d 711 [2009]; *Matter of Lewis T.*, 249 AD2d 646, 647 [1998]). Under these circumstances, Family Court did not err in denying the father's motion to dismiss under Family Ct Act § 1051 (c) (*see Matter of Sharnaza Q. [Clarence W.]*, 68 AD3d 436 [2009]; *Matter of Mary Kate VV.*, 59 AD3d at 874-875; *Matter of A.G.*, 253 AD2d 318, 328 [1999]).

The father next argues that Family Court erred in denying his motion to dismiss the petition at the close of petitioner's proof because petitioner failed to establish a prima facie case of

neglect. "To establish neglect, petitioner [was required] to demonstrate, by a preponderance of the evidence, that the child[ren's] physical, mental or emotional condition was harmed or is in imminent danger of such harm as the result of the parent's failure to exercise a minimum degree of care" (*Matter of Joseph RR. [Lynn TT.]*, 86 AD3d 723, 724 [2011] [internal quotation marks and citations omitted]; *see* Family Ct Act § 1012 [f] [i] [B]; *Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *Matter of Mitchell WW. [Andrew WW.]*, 74 AD3d 1409, 1412 [2010]). Significantly, "[a]ctual injury or impairment need not be demonstrated; rather, 'only an imminent threat that such injury or impairment may result' is required" (*Matter of Paige AA. [Anthony AA.]*, 85 AD3d 1213, 1215 [2011], *lv denied* 17 NY3d 708 [2011], quoting *Matter of Shalyse WW.*, 63 AD3d 1193, 1195-1196 [2009], *lv denied* 13 NY3d 704 [2009]; *see Matter of Joseph RR. [Lynn TT.]*, 86 AD3d at 724).

Here, the evidence presented by petitioner established that the father engaged in repeated instances of domestic violence with the mother, many of which were witnessed by the children. The mother testified to an incident that occurred in 2009, during which the father pinned her to the floor against her will and, while on top of her, forcibly removed her clothes while at least two of the children were present in the room. Furthermore, petitioner's caseworkers testified that the two oldest children reported multiple acts of domestic violence within the home. One of those children related that the father hit the mother in the face, threatened to kick her in the face and slammed her finger in a door, which caused the child to become scared and fear for her mother's safety. Another child reported that the father "would not stop smacking his mom" and disclosed an incident where the father "punched" the mother into a wall, causing the child to intervene by attempting to push the father away from his mother. Proof was also presented that the father was aware that marihuana use was occurring in the home while the children were present and that the children's babysitter was bringing drugs, including crack cocaine, into the home and was using marihuana while caring for all five children, yet he continued to allow the babysitter to care for his children. Viewing the evidence in a light most favorable to petitioner (*see Matter of Christian Q.*, 32 AD3d 669, 670 [2006]; *Matter of Richard SS.*, 29 AD3d 1118, 1119-1120 [2006]), we find that it established a prima facie case of conduct by the father that "constituted a departure from the minimum degree of care which should be exercised by a reasonable and prudent parent in order to prevent a risk of impairment to the child[ren] or imminent danger of impairment" (*Matter of Armani KK. [Deborah*

*KK.],* 81 AD3d 1001, 1002 [2011], *lv denied* 16 NY3d 711 [2011] [internal quotation marks and citations omitted]; *see Matter of Paige AA. [Anthony AA.],* 85 AD3d at 1216-1217; *Matter of Kaleb U. [Heather V.—Ryan U.],* 77 AD3d 1097, 1099 [2010]; *Matter of Lindsey BB. [Ruth BB.],* 70 AD3d 1205, 1206 [2010]; *Matter of Christopher B.,* 26 AD3d 431, 432 [2006]). Accordingly, Family Court properly denied the motion to dismiss the petition at the close of petitioner's proof.

Rose, McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.