■ In the Matter of KAYDEN H. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; KAREENA H. et al., Appellants. [961 NYS2d 252]—

In a neglect proceeding pursuant to Family Court Act article 10, the mother appeals, and the grandmother separately appeals, from so much of (1) a fact-finding order of the Family Court, Kings County (Danoff, J.), dated August 30, 2011, as, after a fact-finding hearing, found that each of them had neglected the subject child, and (2) an order of the same court, also dated

August 30, 2011, as denied their separate motions to dismiss the petition insofar as asserted against each of them pursuant to Family Court Act § 1051 (c).

Ordered that the first order dated August 30, 2011, is affirmed, without costs or disbursements; and it is further,

Ordered that the second order dated August 30, 2011, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the separate motions of the mother and the grandmother to dismiss the petition insofar as asserted against each of them pursuant to Family Court Act § 1051 (c) are granted.

The grandmother of the seven-month-old subject child left the child in the kitchen sink with the water running, asking the child's mother, who was in the living room about 10 feet away, to watch the child while she went into the next room to retrieve a birth certificate for her other daughter. Moments later, while the mother and grandmother were outside the kitchen, the temperature of the water spiked and the child sustained burns to his body. A neglect petition was filed against the mother and the grandmother, and, following a fact-finding hearing, the Family Court sustained the petition against both of them, finding that the mother and the grandmother had neglected the child by leaving him unattended in the sink with the water running, causing him to sustain burns over his body when the water temperature spiked. The mother and the grandmother separately moved to dismiss the petition insofar as asserted against each of them pursuant to Family Court Act § 1051 (c) on the ground that the aid of the court was not required. The court denied those motions.

The mother's contention that the Family Court erred in admitting certain agency case records into evidence under the business records exception to the hearsay rule is unpreserved for appellate review (*see Matter of Aphrodite Kristina Maria S. [Katrina W.]*, 68 AD3d 879 [2009]; *Matter of "Baby Girl" Q.*, 14 AD3d 392, 393 [2005]).

Contrary to the contentions of the mother and the grandmother, a preponderance of the evidence presented at the hearing supports the Family Court's finding that they neglected the subject child (*see Matter of Victoria CC.*, 256 AD2d 931, 932-933 [1998]).

Nevertheless, although facts sufficient to sustain the petition were established, a neglect petition may still be dismissed if "the court concludes that its aid is not required on the record before it" (Family Ct Act § 1051 [c]). Under the circumstances of this case, the Family Court should have granted the separate

motions of the mother and the grandmother to dismiss the petition insofar as asserted against each of them pursuant to Family Court Act § 1051 (c). Following the incident, the mother completed all the services required by the Administration for Children's Services (hereinafter ACS), including therapy sessions and parenting classes, and ACS did not request that the mother complete any additional services. The grandmother, although not required to do so, also attended parenting classes with the mother. In January 2010, 18 months before the fact-finding hearing concluded, the child, upon ACS's consent, was returned to the mother. In the interim, ACS, during home visits, documented that the mother and the grandmother had taken steps to ensure that the child was not left unsupervised, and that he was bathed appropriately. ACS noted in its progress notes that it had no safety concerns. The mother stated that the pipes in her apartment building have been replaced and, as a result, the water temperature no longer fluctuates. The foregoing demonstrates that the incident on which the petition was based was an isolated one, that the mother and the grandmother have been rehabilitated, and that the child is no longer at risk of being neglected (*see Matter of Eustace B. [Shondella M.],* 76 AD3d 428 [2010]; *Matter of Angela D.,* 175 AD2d 244 [1991]; *Matter of Robert W. [Francine H.],* 30 Misc 3d 1231[A], 2011 NY Slip Op 50304[U] [2011]). Accordingly, since the aid of the court was no longer required to protect the child, the petition insofar as asserted against the mother and the grandmother should have been dismissed (*see* Family Ct Act § 1051 [c]).

The remaining contentions of the mother and the grandmother are without merit. Skelos, J.P., Chambers and Miller, JJ., concur.

Balkin, J., concurs in part and dissents in part, and votes to affirm both orders appealed from with the following memorandum: I agree with my colleagues that the Presentment Agency met its burden of proving by a fair preponderance of the evidence that the appellants neglected the subject child (*see Matter of Samantha B.,* 5 AD3d 590, 591 [2004]; *Matter of Victoria CC.,* 256 AD2d 931, 932-933 [1998]). I disagree with their conclusion that the Family Court's "aid is not required" (Family Ct Act § 1051 [c]). Consequently, I dissent from the majority's determination that dismissal of the petition under Family Court Act § 1051 (c) is warranted.

By leaving the seven-month-old infant alone in the kitchen sink, the appellants "fail[ed] . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship" (Family Ct Act § 1012 [f] [i]; *see Matter of Lester*

*M.*, 44 AD3d 944, 945 [2007]; *Matter of King v Perales*, 153 AD2d 694, 694-695 [1989]). First, it takes no specialized knowledge to know that one should never leave an infant unattended in water, but the appellants did so here. Second, the appellants knew that the water in their building was subject to temperature spikes, but they left the water running. Third, the infant was at risk of falling from the sink, but the appellants thought that watching the infant from another room was adequate. I do not doubt that the appellants regret and are truly chastened by this horrible incident, and I recognize that they have undergone training, but the incident stemmed not from the lack of training, but of common sense. The Family Court's responsibility is to the child, and I agree with the Family Court that its responsibility here is best fulfilled by an order of supervision over the appellants (*cf. Matter of Eustace B. [Shondella M.]*, 76 AD3d 428, 428 [2010]). I also note that the existence of a neglect finding is a proper reason for denial of a motion to dismiss pursuant to Family Court Act § 1051 (c), inasmuch as a finding of past neglect may prove significant in the event of the necessity of any future court proceeding (*see Matter of Imena V. [Dia V.]*, 91 AD3d 1067, 1068 [2012]; *Matter of Mary Kate VV.*, 59 AD3d 873, 874-875 [2009]). Accordingly, I would affirm both orders appealed from.