Balkin, J.,
concurs in part and dissents in part, and votes to affirm both orders appealed from with the following memorandum: I agree with my colleagues that the Fresentment Agency met its burden of proving by a fair preponderance of the evidence that the appellants neglected the subject child (see Matter of Samantha B., 5 AD3d 590, 591 [2004]; Matter of Victoria CC., 256 AD2d 931, 932-933 [1998]). I disagree with their conclusion that the Family Court’s “aid is not required” (Family Ct Act § 1051 [c]). Consequently, I dissent from the majority’s determination that dismissal of the petition under Family Court Act § 1051 (c) is warranted.
By leaving the seven-month-old infant alone in the kitchen sink, the appellants “fail[ed] ... to exercise a minimum degree of care ... in providing the child with proper supervision or guardianship” (Family Ct Act § 1012 [f] [i]; see Matter of Lester *767 M., 44 AD3d 944, 945 [2007]; Matter of King v Perales, 153 AD2d 694, 694-695 [1989]). First, it takes no specialized knowledge to know that one should never leave an infant unattended in water, but the appellants did so here. Second, the appellants knew that the water in their building was subject to temperature spikes, but they left the water running. Third, the infant was at risk of falling from the sink, but the appellants thought that watching the infant from another room was adequate. I do not doubt that the appellants regret and are truly chastened by this horrible incident, and I recognize that they have undergone training, but the incident stemmed not from the lack of training, but of common sense. The Family Court’s responsibility is to the child, and I agree with the Family Court that its responsibility here is best fulfilled by an order of supervision over the appellants (cf. Matter of Eustace B. [Shondella M.], 76 AD3d 428, 428 [2010]). I also note that the existence of a neglect finding is a proper reason for denial of a motion to dismiss pursuant to Family Court Act § 1051 (c), inasmuch as a finding of past neglect may prove significant in the event of the necessity of any future court proceeding (see Matter of Imena V. [Dia V], 91 AD3d 1067, 1068 [2012]; Matter of Mary Kate VV., 59 AD3d 873, 874-875 [2009]). Accordingly, I would affirm both orders appealed from.