## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  December 4, 2014                517559
_____

In the Matter of GIANNA O.
    and Others, Alleged to be
    Neglected Children.

OTSEGO COUNTY DEPARTMENT OF
    SOCIAL SERVICES,                          MEMORANDUM AND ORDER
                    Respondent;

DONALD P.,
                    Appellant,
                    et al.,
                    Respondent.
_____

Calendar Date:   October 10, 2014

Before:   McCarthy, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

                    _____

        Carol Malz, Oneonta, for appellant.

        Steven Ratner, Otsego County Department of Social Services,
Cooperstown, for Otsego County Department of Social Services,
respondent.

        Larisa Obolensky, Delhi, attorney for the children.

                    _____

Devine, J.

        Appeal from two orders of the Family Court of Otsego County
(Lambert, J.), entered July 25, 2013 and August 1, 2013, which
granted petitioner's application, in a proceeding pursuant to
Family Ct Act article 10, to adjudicate the subject children to
be neglected.

Respondent Barbara O. (hereinafter the mother) is the mother of Gianna O. (born in 1995) and Robert O. (born in 1996), and the mother and respondent Donald P. (hereinafter respondent) are the parents of Gabriel P. (born in 2012). After receiving a report indicating that respondent was a risk level II sex offender and alleging occurrences of domestic violence and inadequate guardianship of the children, an employee of petitioner interviewed the mother and respondent and created a safety plan prohibiting respondent from being with the children without supervision. Petitioner conducted a further investigation of the allegations and, thereafter, commenced this neglect proceeding against the mother and respondent. Petitioner and the mother eventually stipulated to a settlement of the matter as it asserted claims of neglect against her. Following the completion of fact-finding and dispositional hearings, Family Court determined that respondent's conduct constituted neglect of the children and ordered that respondent have no unsupervised contact with them for one year. Respondent appeals.

Respondent argues that Family Court's finding of neglect lacked a sound and substantial basis in the record. We disagree. To establish neglect, petitioner must show "by a preponderance of the evidence, that the child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired due to the failure of the parent or caretaker to exercise a minimum degree of care" (Matter of Josephine BB. [Rosetta BB.], 114 AD3d 1096, 1097 [2014]; see Family Ct Act §§ 1012 [f]; 1046 [b] [i]; Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]). Here, petitioner presented proof of an incident that occurred a few months before Gabriel was born, in which respondent became enraged when the mother refused to allow respondent, who was intoxicated, to drive their vehicle and threw the keys to the ground. In the presence of the children, respondent and the mother had a "huge fight" and respondent forced the mother to get on her hands and knees to retrieve the keys. When Robert attempted to intervene, respondent forcibly shoved him away. Additionally, Family Court heard testimony about a subsequent incident that occurred in the hospital after the mother had given birth to Gabriel, during which Gianna and respondent had a verbal argument that required intervention by a member of the hospital staff. Petitioner's employee averred that

the older children admitted that they did not feel secure in the home when respondent was present, and the record further reveals that, shortly after the fight between respondent and the mother, the older children decided to leave the residence and live with their father. During her testimony, the mother conceded that she and respondent had a troubled relationship and that she resorted to requesting supervision when she and Gabriel visited respondent while he was incarcerated.

As to respondent's status as a registered sex offender, which designation resulted from his conviction for the second-degree rape of a 15-year-old girl, respondent adamantly refused to acknowledge his culpability for the crime and insisted to Family Court that, because he had been wrongfully convicted, he did not have to undergo any treatment. While respondent correctly observes that his status as an untreated sex offender does not, standing alone, create a presumption of neglect (see Matter of Afton C. [James C.], 17 NY3d 1, 10-11 [2011]; Matter of Hannah U. [Dennis U.], 97 AD3d 908, 909 [2012]), we find that the evidence in the record sufficiently demonstrated that respondent's conduct posed an imminent and substantial risk of harm to the children (see Matter of Lillian SS. [Brian SS.], 118 AD3d 1079, 1081 [2014], lv dismissed 24 NY3d 936 [2014]; Matter of Imena V [Dia V.], 91 AD3d 1067, 1069 [2012], lv denied 19 NY3d 807 [2012]). Therefore, Family Court's orders are affirmed.

McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur.

-4-                         517559

ORDERED that the orders are affirmed, without costs.



                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court