■ In the Matter of ZEYKIS B. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; VINCENT B., Respondent. (Proceeding No. 1.) In the Matter of JAMELL F., JR. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; VINCENT B., Respondent. (Proceeding No. 2.) [28 NYS3d 123]—

Appeal from an order of the Family Court, Kings County (Alan Beckoff, J.), dated January 14, 2015. The order, after a fact-finding hearing, dismissed the neglect petitions pursuant to Family Court Act § 1051 (c).

Ordered that the order is reversed, on the law, without costs

or disbursements, the petitions are reinstated, a finding of neglect of the subject children is made against the respondent, and the matter is remitted to the Family Court, Kings County, for a dispositional hearing and dispositions thereafter.

The petitioner commenced these proceedings pursuant to article 10 of the Family Court Act, alleging that the subject children had been neglected by the respondent. After a fact-finding hearing, the Family Court determined that the petitioner had established neglect by a preponderance of the evidence. However, noting the respondent's relocation to Georgia, the court determined that it could not enter a meaningful order of disposition and dismissed the petitions pursuant to Family Court Act § 1051 (c). The petitioner appeals.

The Family Court properly determined that a preponderance of the evidence established that the respondent neglected the subject children by engaging in an act of domestic violence against the mother in the children's presence, which created an imminent danger of impairing the children's physical, mental, or emotional condition (see Family Ct Act §§ 1012 [f] [i]; 1046 [a] [vi]; [b] [i]; Nicholson v Scoppetta, 3 NY3d 357, 368-369 [2004]; Matter of Alexandria S. [Alexander S.], 105 AD3d 856 [2013]; Matter of Kiara C. [David C.], 85 AD3d 1025 [2011]; Matter of Jordan E., 57 AD3d 539 [2008]).

However, the Family Court erred in dismissing the petitions pursuant to Family Court Act § 1051 (c). The respondent's relocation to Georgia did not provide a basis for determining that the aid of the court was not required (see Matter of Imena V. [Dia V.], 91 AD3d 1067 [2012]). The respondent is the biological father of one of the children and could return to New York at any time. Moreover, the children are still minors, and the finding of neglect could prove significant in any future court proceeding (see id. at 1068; Matter of Mary Kate VV., 59 AD3d 873 [2009]). The Family Court's determination that it could not enter a meaningful order of disposition under these circumstances was not a valid basis for dismissing the petitions pursuant to Family Court Act § 1051 (c) (see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 183 [1994]; Matter of Vernice B. [Patton], 129 AD3d 714 [2015]), and, in any event, was incorrect as a matter of law (see Family Ct Act §§ 1052 [a]; 1056 [1]; Matter of Sheena D., 8 NY3d 136, 142 [2007]). Hall, J.P., Roman, LaSalle and Barros, JJ., concur.