Matter of Leah VV. (Theresa WW.) (2018 NY Slip Op 00201)





Matter of Leah VV. (Theresa WW.)


2018 NY Slip Op 00201


Decided on January 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2018

523067

[*1]In the Matter of LEAH VV. and Others, Alleged to be Neglected Children. SULLIVAN COUNTY DEPARTMENT OF FAMILY SERVICES, Appellant; THERESA WW., Respondent.

Calendar Date: November 16, 2017

Before: McCarthy, J.P., Lynch, Devine, Mulvey and Aarons, JJ.


Alexandra Bourne, Sullivan County Department of Family Services, Monticello, for appellant.
Cliff Gordon, Monticello, for respondent.
Marcia Heller, Rock Hill, attorney for the children.
Patti J. Leibowitz, Monticello, attorney for the children.


Lynch, J.

MEMORANDUM AND ORDER
Appeals from an order and two amended orders of the Family Court of Sullivan County (McGuire, J.), entered December 23, 2015, January 12, 2016 and September 7, 2016, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.
Respondent is the mother of five children, ranging in age from 16 months to 12 years at the time of the tragic event at issue in this neglect proceeding. On the morning of January 20, 2015, respondent was bathing the youngest child. She left him alone to attend to her three year old in the kitchen. When she returned, she found the child unresponsive in the bathtub. Paramedics arrived but were unable to resuscitate the child. This neglect proceeding against respondent ensued after petitioner received a hotline report by phone. After a fact-finding hearing, Family Court determined that petitioner failed to make out a prima facie case of neglect [*2]and dismissed the petition. Petitioner has appealed.[FN1]
We reverse. As relevant here, to establish neglect, it must be shown by a preponderance of the evidence that a child has been harmed due to a parent's failure to exercise a minimum degree of care in supervising the child (see Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]). Depending on the gravity of the event, a single incident may constitute neglect (see Matter of Cori XX. [Michael XX.], 145 AD3d 1207, 1207-1208 [2016]; Matter of Antonio NN., 28 AD3d 826, 827 [2006]). The parent's conduct is measured under an objective standard — "would a reasonable and prudent parent have so acted, or failed to act, under the circumstances then and there existing" (Matter of Nicholson v Scoppetta, 3 NY3d at 370).
Through the testimony of a senior caseworker, a responding police detective, a senior investigator with the State Police Family Violence Response Team and a paramedic, as well as a certified copy of the Catskill Regional Medical Center's records, petitioner demonstrated that respondent was at her vacation home with the children and her adult brother. Respondent's husband, the children's father, was not present. Respondent was bathing her child in about four inches of water in the bathtub, when she left the child unattended to get her three year old a bowl of cereal in the kitchen, which was located approximately 55 feet away and out of view of the bathtub. Respondent advised the detective that she also changed the three year old's diaper. The hospital physician's note explains that respondent stated that she left the youngest child in the bathtub "for some time between 1-10 minutes." The hospital record also includes a social worker's note reporting that respondent stated that "this is what happens when a child is left alone." The physician further determined that the cause of death was cardiac arrest and drowning. The senior investigator interviewed each of the three older children, who consistently advised that they were in bed when this event took place.
In our view, this evidence was more than sufficient to establish a prima facie case of neglect. Fundamentally, a reasonably prudent person would not leave a 16-month-old child unattended in a bathtub filled with four inches of water for any appreciable amount of time (see Matter of Victoria CC., 256 AD2d 931, 932-933 [1998]). Through her own statement, respondent estimated that she was absent for 1 to 10 minutes. Doing so was "intrinsically dangerous" and has resulted in a heartbreaking tragedy for this family (id. at 933). Where, as here, a prima facie case has been established, it became respondent's obligation to offer "a reasonable and adequate explanation for how the child sustained the injury" (Matter of Ashlyn Q. [Talia R.], 130 AD3d 1166, 1167 [2015]). Respondent opted not to testify and did not call any witnesses. Consequently, we conclude on the record before us that the petition should have been granted.
McCarthy, J.P., Devine, Mulvey and Aarons, JJ., concur.
ORDERED that the appeals from the order entered December 23, 2015 and the amended order entered January 12, 2016 are dismissed, without costs.
ORDERED that the amended order entered September 7, 2016 is reversed, on the law, without costs, petition granted, and matter remitted to the Family Court of Sullivan County for a dispositional hearing.



Footnotes

Footnote 1: We take note that Family Court issued three separate orders dismissing the petition. Since the final order supercedes the first two, the appeals from those orders are dismissed.