Matter of Aaliyah B. (Althea R.) (2019 NY Slip Op 01591)





Matter of Aaliyah B. (Althea R.)


2019 NY Slip Op 01591


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2017-10592
 (Docket Nos. N-04407-16, N-04408-16)

[*1]In the Matter of Aaliyah B. (Anonymous). Administration for Children's Services, petitioner-respondent; Althea R. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Allana R. (Anonymous). Administration for Children's Services, petitioner-respondent; Althea R. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)


Leighton M. Jackson, New York, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Dona B. Morris of counsel), for petitioner-respondent.
Janet E. Sabel, New York, NY (Marcia Egger and Stephanie Shapiro Marden of counsel), attorney for the child Aaliyah B.
Deana Balahtsis, New York, NY, attorney for the child Allana R.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Kings County (Margaret Morgan, J.), dated August 9, 2017. The order, insofar as appealed from, denied the mother's motion to modify an order of fact-finding and disposition of the same court dated May 10, 2016, with regard to the subject child Aaliyah B. so as to grant a suspended judgment, and to vacate the finding of neglect.
ORDERED that the order dated August 9, 2017, is affirmed insofar as appealed from, without costs or disbursements.
In February 2016, the Administration for Children's Services (hereinafter ACS) filed a petition alleging that the mother neglected the subject child Aaliyah B. (hereinafter the child) through the use of excessive corporal punishment. In an order of fact-finding and disposition dated May 10, 2016, the Family Court found that the mother neglected the child and placed the child in the custody of a paternal aunt and a paternal uncle. In March 2017, the mother moved to modify the order of fact-finding and disposition with regard to the child so as to grant a suspended judgment, and to vacate the finding of neglect. In an order dated August 9, 2017, the court denied the mother's motion. The mother appeals.
Pursuant to Family Court Act § 1061, the Family Court may set aside, modify, or vacate any order issued in the course of a child protective proceeding "[f]or good cause shown." "The statute expresses the strong Legislative policy in favor of continuing Family Court jurisdiction over the child and family so that the court can do what is necessary in the furtherance of the child's welfare" (Matter of Boston G. [Jennifer G.], 157 AD3d 675, 677 [internal quotation marks omitted]). " As with an initial order, the modified order must reflect a resolution consistent with the best interests of the child[ ] after consideration of all relevant facts and circumstances, and must be supported by a sound and substantial basis in the record'" (Matter of Jacob P.E. [Gustavo P.S.], 162 AD3d 1017, 1018, quoting Matter of Myeenul E. [Mizanul E.], 160 AD3d 848, 850).
Here, the record supports the Family Court's determination that the mother failed to demonstrate that modifying or vacating the order of fact-finding and disposition served the child's best interests. Although the mother's fear of losing her job as a result of the neglect finding is certainly a concern (see Matter of Leenasia C. [Lamarriea C.], 154 AD3d 1; Matter of Daniella A. [Jessica A.], 153 AD3d 426), the court providently exercised its discretion in concluding that such fear is outweighed by the fact that the child is still a minor, and the finding of neglect could prove significant in any future court proceeding (see Matter of Zeykis B. [Vincent B.], 137 AD3d 1121, 1122).
Accordingly, the Family Court did not improvidently exercise its discretion in denying the mother's motion.
DILLON, J.P., LEVENTHAL, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court